[No. D032228. Fourth Dist., Div. One. June 5, 2000.]

NATIONAL PARKS AND CONSERVATION ASSOCIATION et al.,
Plaintiffs and Respondents, v.
COUNTY OF RIVERSIDE et al., Defendants and Appellants.

**COUNSEL**

Weston, Benshoof, Rochefort, Rubalcava & MacCuish, Steven W. Weston, John A. Henning, Jr.; McKenna & Cuneo and Michael H. Fish for Defendants and Appellants.

Gibson, Dunn & Crutcher, Jeffrey D. Dintzer; Chatten-Brown and Associates, Jan Chatten-Brown, Douglas P. Carstens and Kimberly E. Lewand for Plaintiffs and Respondents.

**OPINION**

**HALLER, J.**—If a petitioner prevails on a writ petition challenging an environmental impact report (EIR), and then unsuccessfully challenges the subsequent EIR brought before the trial court on a return to the writ, is the petitioner entitled to Code of Civil Procedure section 1021.5 (section 1021.5) attorney fees pertaining solely to the fees incurred in challenging the second EIR? We conclude the petitioners here were not entitled to recover those fees because the petitioners were not "successful" parties within the meaning of section 1021.5.

The County of Riverside and other related parties (collectively Riverside) appeal from a postjudgment order awarding National Parks and Conservation Association and other related parties (collectively Association) $294,827 in attorney fees under section 1021.5.[1] We reverse and remand with directions.

---

[1]Appellants are the Board of Supervisors of the County of Riverside, the County of Riverside, Kaiser Steel Resources, Inc., Mine Reclamation Corporation, Inc., and Kaiser

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a proposed landfill project near Joshua Tree National Park. In October 1994, the superior court granted Association's petitions for writ of mandate, ruling the EIR on the project was inadequate under the California Environmental Quality Act (CEQA). The court ordered Riverside's board of supervisors to set aside the EIR certification and to suspend all activity related to the landfill project "unless and until they have complied with the requirements of CEQA . . . ." The court ordered Riverside to take eight specific steps to bring the EIR in compliance with CEQA. The order stated "[r]espondents are to make and file a return to this writ by . . . showing what they have done to comply with this writ. . . ." (See Pub. Resources Code, § 21168.9.) The court retained jurisdiction until it "determined that [Riverside] complied with the provisions of CEQA and this Court's Judgment." Association, as the prevailing party, moved for attorney fees and costs, and the parties later reached a settlement on these issues.[2]

In February 1996, this court affirmed the trial court's orders granting Association's writ petitions. *(National Parks & Conservation Assn. v. County of Riverside* (1996) 42 Cal.App.4th 1505, 1509 [50 Cal.Rptr.2d 339].)

The project proponents then "went back to the drawing board," and after extensive analysis, produced a new EIR, which was then submitted to the county. *(National Parks & Conservation Assn. v. County of Riverside* (1999) 71 Cal.App.4th 1341, 1348 [84 Cal.Rptr.2d 563] *(National Parks II)*.) After public hearings and additional analysis, Riverside's board of supervisors certified the new EIR. *(Ibid.)*

In September 1997, Riverside submitted the EIR to the trial court as its return on the prior writs (Return EIR). *(National Parks II, supra,* 71 Cal.App.4th at p. 1348; see Pub. Resources Code, § 21168.9.) Riverside requested the court to "enter an order discharging the Writ[s] and acknowledging the satisfaction of the Judgment." Association filed numerous objections to the return. The superior court rejected some of these objections, but found Riverside failed to comply with two of the writ requirements. The court commanded Riverside to "set aside the certification of the [EIR]" and all project approvals based on the EIR.

Association moved for attorney fees, making clear these fees were incurred *after* the Return EIR was filed and pertained solely to Association's

---

Eagle Mountain, Inc. Respondents include the National Parks and Conservation Association, Eagle Mountain Landfill Opposition Coalition, Laurence and Donna Charpied, Steve W. Clute, Daniel S. Roman, and Richard M. Marsh.

[2]The court had earlier denied one portion of the fees motion wherein individual petitioners sought fees while they were acting in propria persona.

challenge to the Return EIR.[3] After considering the parties' submissions, the superior court found Association was a prevailing party on this challenge and awarded Association $294,827.

Riverside appealed from the trial court's order finding a lack of compliance with CEQA, and from the trial court's attorney fees award. We stayed the appeal pertaining to attorney fees pending consideration of the merits of the action.

In May 1999, we reversed the trial court's substantive order. We determined the Return EIR was proper and complied with CEQA. We thus ordered the trial court to overrule Association's "objections and enter an order discharging the writ previously issued." *(National Parks II, supra,* 71 Cal.App.4th at p. 1368.)

We then lifted the stay on Riverside's appeal challenging the court's attorney fees award. We now consider the attorney fees issue.

DISCUSSION

I. *Attorney Fees Incurred After Return EIR Filed*

■ Section 1021.5 authorizes a court to award attorney fees to a "successful party" when the action resulted in the enforcement of an important right affecting the public interest, a significant benefit has been conferred, and the necessity of private enforcement makes the award appropriate. (§ 1021.5; see *County of San Diego v. Lamb* (1998) 63 Cal.App.4th 845, 852 [73 Cal.Rptr.2d 912].) To recover fees under this statute, a claimant must show he or she was successful in the action. (See *Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 457 [222 Cal.Rptr. 225]; *Carroll v. State Bar* (1985) 166 Cal.App.3d 1193, 1208 [213 Cal.Rptr. 305]; *Residents Ad Hoc Stadium Com. v. Board of Trustees* (1979) 89 Cal.App.3d 274, 292 [152 Cal.Rptr. 585].)

Thus, where an appellate court reverses a judgment ordering issuance of a writ of mandate, "[i]t follows" that the trial court's section 1021.5 attorney fees award must also be reversed. *(Kimble v. Board of Education* (1987) 192 Cal.App.3d 1423, 1430 [238 Cal.Rptr. 160]; accord, *Save Our Residential Environment v. City of West Hollywood* (1992) 9 Cal.App.4th 1745, 1754 [12 Cal.Rptr.2d 308]; *City of Sacramento v. State Water Resources Control Bd.* (1992) 2 Cal.App.4th 960, 978 [3 Cal.Rptr.2d 643].)

---

[3]Association also requested $13,902 in fees for services provided before the filing of the Return EIR. We will separately discuss these fees in DISCUSSION, part II.

 Association was unsuccessful in challenging the Return EIR. Although it obtained a favorable order from the trial court, we reversed this order and required the trial court to discharge the writ and overrule each of Association's objections. (See *National Parks II*, *supra*, 71 Cal.App.4th at p. 1368.) It would thus seem automatic that the section 1021.5 attorney fee award—pertaining exclusively to services performed in challenging the Return EIR—must be reversed.

But Association asserts numerous arguments in support of its novel position that its lack of success in the second appeal is of no consequence in determining its entitlement to the fees. These arguments are without merit.

Association first focuses on the broad discretion accorded trial courts in ruling on section 1021.5 motions, and urges us to affirm the order because the trial court "exercised considerable care in its award of attorneys' fees." The obvious failure of this argument is that the trial court was never given the opportunity to exercise its discretion to determine whether the Association was a prevailing party after we reversed the court's order in its entirety. Thus, we are not reviewing the court's exercise of discretion. Instead, we must determine whether there is any factual basis for a court to find Association was a prevailing party despite its complete lack of success in challenging the Return EIR. If there is, we must remand to permit the court to exercise its discretion. (See *Neecke v. City of Mill Valley* (1995) 39 Cal.App.4th 946, 966 [46 Cal.Rptr.2d 266].) If there is not, we must reverse the order. Accordingly, we reject Association's arguments made throughout its briefs that we should "defer" to the trial court's ruling.

Association next contends it is entitled to recover the fees because it prevailed in the initial action, and the work on the challenge to the Return EIR flowed directly from that action. Association argues that in determining whether a party is "successful" within the meaning of section 1021.5, a court must look at the case "as a whole," rather than success' or failure at any particular stage. This principle is inapplicable here because it is undisputed that Association had already obtained its recoverable fees for prevailing on the first writ. Association was seeking only those fees incurred in challenging the Return EIR, a substantively discrete action for which Association was wholly unsuccessful. While a party "need not prevail on every claim presented . . . to be considered a successful party . . ." (*Wallace v. Consumers Cooperative of Berkeley, Inc.* (1985) 170 Cal.App.3d 836, 846 [216 Cal.Rptr. 649]), Association did not receive even a partial victory in this

second litigation. On these facts, Association is not entitled to the requested fees.[4]

Association's characterization of its challenge to the Return EIR as "postjudgment" litigation is of no help. We recognize that the return filed by Riverside was technically within the same action as the prior writ and therefore Association's second challenge could be viewed as a form of postjudgment litigation within that action. (See Pub. Resources Code, § 21168.9, subd. (b); *Endangered Habitats League, Inc. v. State Water Resources Control Bd.* (1997) 63 Cal.App.4th 227, 243-244 [73 Cal.Rptr.2d 388].) But it is not true that a previously successful party is entitled to fees for postjudgment litigation regardless of the outcome of that litigation. As illustrated by the decisions relied upon by Association, courts have awarded fees in this context only under narrow circumstances, none of which are present here. (See, e.g., *California Trout, Inc. v. Superior Court* (1990) 218 Cal.App.3d 187 [266 Cal.Rptr. 788] (*California Trout*); *Miller v. Carson* (5th Cir. 1980) 628 F.2d 346.)

In *California Trout,* the appellate court had initially directed the superior court to issue writs commanding the state water board to attach conditions to licenses for the appropriation of water. (*California Trout, supra,* 218 Cal.App.3d at p. 194.) On remand, the superior court allowed the water board to defer imposition of the conditions, and refused the petitioners' request for interim relief. (*Ibid.*) The petitioners then challenged this second ruling, arguing the superior court abused its discretion in failing to order the water board to attach the conditions. The appellate court agreed, and again directed that the water board immediately attach the conditions. (*Ibid.*) Based on the petitioners' success in the second phase of the litigation, the appellate court held they were entitled to the fees because petitioners conferred a "significant benefit on the general public" in ensuring the trial court complied with the appellate court orders. (*Id.* at p. 212.)

In *Miller v. Carson, supra,* 628 F.2d 346, the petitioners were likewise successful in obtaining a form of relief in the postjudgment action. In that case, the plaintiffs obtained injunctive relief enjoining certain jail conditions found to be unconstitutional. When the defendants failed to fully comply with the orders, the plaintiffs brought a series of motions directed at obtaining compliance. Although these motions were denied by the court, the

---

[4]*Wallace v. Consumers Cooperative of Berkeley, Inc., supra,* 170 Cal.App.3d 836, relied upon by Association, is inapposite. There the court held a plaintiff could recover fees in an unsuccessful action that was closely related to another action, reasoning that the two actions involved "identical issues" and both in fact achieved the same successful result. (*Id.* at p. 850.) Here the actions involved challenges to two different EIR's; the issues were not identical and the second action did not achieve a successful result.

district court made a factual finding that the plaintiffs' postjudgment efforts "successfully induced [the defendant] to comply with . . . the injunction" and " 'no doubt had the effect of maintaining compliance with the Court's injunction.' " (*Id.* at pp. 348-349.) Based on these factual findings that the plaintiffs had in fact achieved a favorable outcome, the Fifth Circuit affirmed the trial court's order awarding the plaintiffs attorney fees for these postjudgment efforts. (*Ibid.*)

Here, Association's efforts in challenging the Return EIR did not reflect services to ensure the court's previous orders were enforced. Once Riverside filed the Return EIR, the issue was no longer one of enforcement, but it was the new issue of whether the second EIR complied with CEQA. *California Trout* stands for the not-so-surprising proposition that a party who successfully challenges a trial court's rulings after an appellate court has remanded the case to the court may be considered a successful party within the meaning of section 1021.5. *Miller v. Carson, supra,* 628 F.2d 346 stands for the related proposition that where a party brings a postjudgment motion that helps ensure compliance with the prior court order, the party may be considered a successful party for purposes of obtaining private attorney general attorney fees, even though the party did not technically obtain a favorable ruling during the postjudgment proceedings. (See also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1290-1291 [240 Cal.Rptr. 872, 743 P.2d 932]; *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685 [186 Cal.Rptr. 589, 652 P.2d 437].) These rules are inapplicable here because Association's litigation challenging the Return EIR did not help ensure compliance with a prior court order, or in any other way succeed in securing a public benefit.[5]

Association argues that its lack of success does not matter because the services performed by its attorneys in challenging the Return EIR were "necessary" and a "public service," and therefore these services benefited the public. It contends Riverside's "filing of a Return *required* [Association] to return to the trial court to ensure that the public interest was vindicated" and that it "had a continuing obligation to assist in review of [Riverside's] compliance with the trial court's 1994 writ and raise reasonable grounds for objection." Association thus maintains that "since [its] counsel ethically could not abandon [Association] to fend for [itself] in the Return proceedings related to enforcement of CEQA," the trial court's attorney fees award was proper.

---

[5]*Turner v. Orr* (11th Cir. 1986) 785 F.2d 1498, relied upon by Association, is similarly unhelpful. In that case, a consent agreement required the plaintiff to participate in postjudgment litigation and provided for the plaintiff to recover attorney fees in bringing these actions. Interpreting these provisions, the court held the plaintiff's lack of success in the postjudgment litigation was not determinative of its entitlement to attorney fees. Here, there was no similar agreement governing the recovery of attorney fees.

We disagree with these assertions. There is no statutory authority or case law requiring an opponent in environmental litigation to bring a challenge to a revised EIR filed on a return. While the Association had a right to commence proceedings challenging the adequacy of the Return EIR, it was not required or compelled to do so. If Association believed the EIR met CEQA standards, it certainly would not have been compelled to challenge the return.

Association's argument that the "adversarial perspective" was useful to the trial court is beside the point. A judicial challenge to an EIR may frequently have some public benefit because it provides a forum for ensuring that the public entity has met its obligations. But the Legislature does not require that every EIR be brought before a court. The Legislature has instead provided a public process for EIR certification, and it is only when a petitioner makes the voluntary decision to challenge that approval in court that the issues must be litigated. The petitioner is then entitled to attorney fees only if he or she is successful in the challenge.

There is no basis for finding different rules should apply when the challenge occurs at the Return EIR stage. Indeed, to do so could encourage challenges even where none are warranted. As with a challenge to an initial EIR, a petitioner may recover attorney fees for challenging an EIR filed by a return only if the petitioner obtained at least some success in that challenge. Because Association did not obtain any success, it was not entitled to recover fees for that challenge.

II. *Services Related to Administrative Proceedings*

■ In addition to seeking fees involved in its Return EIR challenge, Association sought approximately $13,902 in fees reflecting work performed during the administrative process leading to the certification of the Return EIR, including "drafting comments on the proposed scope of the [EIR], analyzing the Draft EIR, drafting comments on the Draft EIR, assisting in the preparation of comments on the Final EIR, and assisting in the preparation of testimony for the numerous public hearings."

As set forth above, a party may be considered a successful party within the meaning of section 1021.5 if that party's efforts had the effect of ensuring compliance with the trial court's prior order. (See *California Trout, supra*, 218 Cal.App.3d at p. 212.) This is true even if the services were performed in connection with an administrative proceeding. The relevant test is whether administrative activities were " 'useful and necessary and directly contributed to the resolution of [the action].' " (*Ciani v. San Diego Trust & Savings Bank* (1994) 25 Cal.App.4th 563, 576 [30 Cal.Rptr.2d 581].)

There is an arguable basis for the trial court to find the services performed before the Return EIR was filed had the effect of ensuring the new EIR would address the eight specific deficiencies found in the original EIR. Because the trial court could find these services contributed to Riverside's compliance with the court's initial writ order and therefore resulted in a public benefit, we remand for the court to exercise its discretion on these issues.

## DISPOSITION

The court's September 4, 1998 attorney fees order is reversed. Association is not entitled to recover attorney fees for services performed after the Return EIR was filed (Sept. 1997). On remand, the court should exercise its discretion to determine whether the approximately $13,902 in attorney fees incurred before Riverside filed its Return EIR may be recovered under section 1021.5.

Kremer, P. J., and McIntyre, J., concurred.