Filed 7/31/13  Sierra Club v. County of Solano CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SIERRA CLUB,<br>     Plaintiff and Respondent,<br>v.<br>COUNTY OF SOLANO et al.,<br>     Defendants and Appellants;<br>POTRERO HILLS LANDFILL, INC.,<br>     Real Party in Interest and Appellant;<br>BLT ENTERPRISES OF SACRAMENTO et al.,<br>     Interveners and Appellants. | A130682<br><br>(Solano County<br>Super. Court No. FCS034073) |
| NORTHERN CALIFORNIA RECYCLING ASSOCIATION,<br>     Plaintiff and Respondent,<br>v.<br>COUNTY OF SOLANO,<br>     Defendant and Appellant. | A130734<br><br>(Solano County<br>Super. Court No. FCS033687) |
| SUSTAINABILITY, PARKS, RECYCLING & WILDLIFE LEGAL DEFENSE FUND,<br>     Plaintiff and Appellant,<br>v.<br>COUNTY OF SOLANO et al.,<br>     Defendants and Appellants;<br>POTRERO HILLS LANDFILL, INC., et al.,<br>     Real Parties in Interest and Appellants;<br>TRASHPROS LLC et al.,<br>     Interveners and Appellants. | A130735<br><br>(Solano County<br>Super. Court No. FCS033700) |

These consolidated appeals present the question of whether County of Solano (county) is required to enforce Measure E, a 1984 initiative measure that severely restricts the amount of solid waste that can be imported into the county.  Effective

1

January 1, 2013, state law prohibits counties from restricting or limiting the importation of solid waste into a privately owned facility in the county based on the waste's place of origin.  (Pub. Resources Code, § 40059.3, subd. (a).)  In light of this recent change to state law, certain parties to these appeals moved to have them dismissed or summarily reversed as moot.  Because we agree the appeals have been rendered moot, it is unnecessary to reach the merits of the underlying dispute.  We dismiss some of the appeals and dispose of the rest by summarily reversing the judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

Measure E was adopted by county voters in 1984.  It precludes the importation of more than 95,000 tons of solid waste annually that originated or was collected outside the county.[1]

The county has not enforced Measure E since 1992, when county counsel determined that Measure E is unconstitutional and unenforceable in light of then-recent decisions of the United States Supreme Court.  In one of the decisions relied upon by county counsel, *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources* (1992) 504 U.S. 353, the court struck down a Michigan law prohibiting landfill operators from accepting solid waste that originates outside the county in which a landfill is located.  The court held the law discriminated against interstate commerce.  (*Id.* at p. 367.)  The Legislative Counsel of California issued its own opinion in 1992 concluding Measure E is "protectionist and impermissibly discriminatory against interstate commerce."

A party to these consolidated appeals, Potrero Hills Landfill, Inc. (PHLI), operates a landfill in the county.  PHLI applied for a permit to expand its landfill from 320 to 580 acres.  After the county approved the permit, various parties challenged the approvals in

---

[1]  The operative language of Measure E is contained in section 2 and provides as follows: "The County of Solano shall not create a policy, adopt a resolution or ordinance, enter into a contract or in any manner allow for the importation of any solid waste as defined in Section 3 which originated or was collected outside the territorial limits of Solano County which will bring the cumulative total amount of such imported solid waste in excess of 95,000 tons per year."

2

separate litigation that preceded the actions giving rise to these appeals. (See *Protect the Marsh v. County of Solano et al.,* Solano County Super. Ct., No. FCS026839.) Among the issues raised in the *Protect the Marsh* litigation was whether the county was required to comply with Measure E in approving the expansion permit. Following years of litigation, the court in *Protect the Marsh* entered a final judgment upholding the county's approval of PHLI's landfill expansion project. One of the parties to these appeals, Sustainability, Parks, Recycling & Wildlife Legal Defense Fund (SPRAWLDEF), appealed the decision in *Protect the Marsh* to Division Five of this court, which dismissed the appeal. (*SPRAWLDEF v. County of Solano et al.,* Ct. of Appeal, First Appellate Dist., Div. Five, No. A127688.)

The three petitioners below—Sierra Club, Northern California Recyling Association, and SPRAWLDEF—filed the actions giving rise to these appeals. They sought declaratory relief establishing that Measure E is lawful and asked the court to issue writs of mandate (1) ordering the county to vacate and set aside its approval of PHLI's landfill expansion as inconsistent with Measure E, and (2) compelling the county to enforce Measure E.

The trial court issued a joint ruling on all three petitions. In its joint ruling, the court concluded that Measure E would not offend the commerce clause if it were rewritten to apply only to intrastate waste and not to waste generated outside of California. The court determined it had authority to rewrite the law to make it constitutional and consequently granted the petitions to the extent they sought a declaration and mandate that the county enforce Measure E against waste produced within California but outside of the county. The court denied the request to vacate approval of the PHLI permit for its landfill expansion, reasoning in part that the parties challenging approval had failed to exhaust administrative remedies because they did not raise the issue of Measure E compliance during the public review period, although the court noted the issue had been addressed by the parties in the *Protect the Marsh* litigation.

3

The county and PHLI, along with companies engaged in the solid waste and recycling industry that intervened in the action below, appealed the portion of the trial court's ruling directing the county to comply with a judicially revised version of Measure E. Sierra Club and SPRAWLDEF filed cross-appeals challenging the denial of the request to vacate approval of the landfill expansion.

Assembly Bill No. 845 amended the Public Resources Code effective January 1, 2013, to provide that "[a]n ordinance adopted by a city or county or an ordinance enacted by initiative by the voters of a city or county shall not restrict or limit the importation of solid waste into a privately owned facility in that city or county based on the place of origin." (Pub. Resources Code, § 40059.3, subd. (a); Assem. Bill No. 845 (2011-2012 Reg. Sess.) §1.) Assembly Bill No. 845 also declares the state policy that "restrictions on the disposal of solid waste that discriminate on the basis of the place of origin of the waste are an obstacle to, and conflict with, statewide and regional policies to ensure adequate and appropriate capacity for solid waste disposal." (Pub. Resources Code, § 40002, subd. (b).)

After the governor signed Assembly Bill No. 845 into law, PHLI, along with the solid waste and recycling industry intervenors who appealed, filed a motion to dismiss certain appeals and summarily reverse the judgments in others on the ground the recently passed legislation renders the pending appeals and cross-appeals moot. We proceed to consider the substance of that motion.

## DISCUSSION

1. ***The appeals of the order directing the county to enforce Measure E as judicially rewritten are moot.***

In the judgment on appeal, the trial court directed the county to comply with and enforce Measure E as judicially modified to apply to solid waste generated within the state but outside the county. Measure E is preempted by Assembly Bill No. 845, which expressly prohibits counties from discriminating against solid waste importation based on place of origin. (Pub. Resources Code, § 40059.3, subd. (a).) Assembly Bill No. 845 therefore renders Measure E void and unenforceable. (*Morehart v. County of Santa*

4

*Barbara* (1994) 7 Cal.4th 725, 747 ["local legislation in conflict with general law is void"].)

Repeal or modification of a statute, or the subsequent enactment of legislation, may render issues raised in an appeal moot. (*County of San Diego v. Brown* (1993) 19 Cal.App.4th 1054, 1087; *Callie v. Board of Supervisors* (1969) 1 Cal.App.3d 13, 18.) Ordinarily, we will dismiss an appeal when it has been rendered moot and the court cannot afford effective relief to the parties. (See *Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10-11.) However, a dismissal has the effect of affirming the judgment below, which creates an undesired outcome when the relief afforded by the trial court is rendered improper due to a change in the law. (See *County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1005.) Consequently, when an appeal becomes moot as a result of a change in the law and the challenged judgment is contrary to the newly enacted law, the appropriate procedure is to summarily reverse the judgment with instructions to the trial court to dismiss the petition as moot. (*Ibid.; Callie v. Board of Supervisors, supra,* 1 Cal.App.3d at pp. 18-19.)

Here, enactment of Assembly Bill No. 845 has rendered the issues raised on appeal moot. Because the portion of the judgment directing enforcement of Measure E is contrary to existing law, the appropriate course of action is to reverse that portion of the judgment with instructions to dismiss the petition.

Sierra Club disputes this course of action, contending the court can provide effective relief without reaching the validity of Measure E. According to Sierra Club, the court need only reach the core issue of whether county officials had the power to unilaterally ignore Measure E based on their belief the measure is unconstitutional. Relying on *Lockyer v. City and County of San Francisco* (2004) 33 Cal.4th 1055, Sierra Club argues that local officials have a duty to enforce duly enacted laws until there has been a judicial determination they are invalid. Because there has been no such judicial determination here, Sierra Club contends the court can and should issue the writ without deciding the underlying validity of Measure E, leaving that issue for the county or PHLI to pursue in a separate action. We are not persuaded.

5

It would be a hollow and pointless exercise to disregard the plain effect of Assembly Bill No. 845 and direct the county to enforce Measure E. That would not be "effective relief" in any sense of the term because any supposed duty the county would have regarding Measure E is mooted by Assembly Bill No. 845. Further, the relief Sierra Club wants this court to award is contrary to existing law. It would be a tremendous waste of attorney and court resources to require the county or PHLI to file a separate lawsuit challenging the validity Measure E, an issue that has been litigated extensively both in the trial court and in these consolidated appeals.

We also reject Sierra Club's suggestion that the court could provide effective relief by ordering the county or PHLI to take remedial action, such as disgorging fees and profits resulting from past violations of Measure E. Sierra Club has not demonstrated that any petitioner below sought such a remedy, nor has it shown that such relief is available to it under the statutes providing for administrative and traditional mandate.

2. ***The cross-appeals of the order denying the request to vacate approval of the landfill expansion are moot.***

The cross-appeals filed by Sierra Club and SPRAWLDEF challenge the order denying their request to invalidate the county's approval of PHLI's landfill expansion. Sierra Club and SPRAWLDEF contend the approval is invalid because the county approved the landfill expansion without ensuring that the project would comply with Measure E. Because Measure E is preempted by Assembly Bill No. 845, the cross-appeals are moot. Even if we were inclined to agree with Sierra Club and SPRAWLDEF on the merits of the dispute, we are not in a position to direct the county to reconsider whether PHLI's permit application complies with Measure E. As to the cross-appeals, dismissal is appropriate because that disposition will act as an affirmance of the order denying the relief Sierra Club and SPRAWLDEF had requested. (*County of Fresno v. Shelton, supra,* 66 Cal.App.4th at p. 1005.)

Sierra Club and SPRAWLDEF argue the court can provide effective relief and that Assembly Bill No. 845 is irrelevant to the cross-appeals. They contend the county's approval of the expansion permit was void *ab initio* because it was contrary to the law in

6

effect at the time. Thus, they claim the court has no choice but to invalidate the expansion permit, even if the law has subsequently changed. Sierra Club relies on *Lesher Communications, Inc. v. City of Walnut Creek* (1990) 52 Cal.3d 531, 544 (*Lesher*), for the proposition that a city or county "approval" that conflicts with governing local legislation is "invalid at the time it is passed" and cannot be resurrected by subsequent legislation. Contrary to Sierra Club's characterization of *Lesher,* the case did not involve permit "approval" and was not decided under Code of Civil Procedure section 1094.5. Instead, the court held that "[a] zoning ordinance that conflicts with a general plan is invalid at the time it is passed." (*Lesher, supra,* at p. 544.) The court's focus was not upon the validity of an administrative action approving a permit but was instead upon the validity of legislation. Thus, the court concluded that "[a] void *statute* or *ordinance* cannot be given effect." (*Ibid.*, italics added.) *Lesher* did not address whether an administrative approval that disregards some aspect of existing law is void *ab initio*. "It is axiomatic that an opinion does not stand for a proposition the court did not consider." (*People v. Taylor* (2010) 48 Cal.4th 574, 626.)

In reviewing challenges to permitting decisions, we "must apply the law in effect when the case is decided and not when the permit was issued or denied." (*Georgia-Pacific Corp. v. California Coastal Com.* (1982) 132 Cal.App.3d 678, 696; see also *Selby Realty Co. v. City of San Buenaventura* (1973) 10 Cal.3d 110, 125 ["It is the prevailing rule that a reviewing court will apply the law in existence at the time of its decision rather than at the time the permit was denied."].) The only exception to this principle arises when a subsequent legislative enactment arose out of an attempt to frustrate a particular developer's plans. (*Selby Realty Co. v. City of San Buenaventure, supra,* at p. 126, fn. 11.) Here, Assembly Bill No. 845 was not the product of an effort to frustrate the efforts of a particular developer to secure a permit. Accordingly, we disagree with the contention that we must disregard Assembly Bill No. 845 and treat the approval of the landfill expansion permit as void *ab initio*. Under the law as it now exists, the permit cannot be invalidated as a result of the county's failure to take into account whether the project complies with Measure E.

Furthermore, we disagree with SPRAWLDEF's contention that we are bound to disregard changes in the law because we are limited to reviewing the record that was before the administrative agency at the time it made the challenged decision. Although our review is limited to the evidentiary record compiled by the administrative agency (see *State Bd. of Chiropractic Examiners v. Superior Court* (2009) 45 Cal.4th 963, 977), "courts have not hesitated to consider postjudgment events when legislative changes have occurred subsequent to a judgment [citations] or when subsequent events have caused issues to become moot." (*Reserve Ins. Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) We may properly consider a change in the law that has rendered the issues on appeal moot.

Sierra Club and SPRAWLDEF's arguments fail for the alternative reason that they cannot demonstrate that any abuse of discretion by the county in failing to give effect to Measure E was prejudicial. Issuance of a writ of administrative mandate is governed by Code of Civil Procedure section 1094.5, which provides in relevant part that a court shall inquire whether there was "any prejudicial abuse of discretion." (Code Civ. Proc., § 1094.5, subd. (b).) An "[a]buse of discretion is established if the [agency] has not proceeded in the manner required by law . . . ." (*Ibid.*)

Here, in effect, Sierra Club and SPRAWLDEF argue the county abused its lawful scope of discretion when it approved PHLI's permit without complying with Measure E. Even if we were to agree with that contention, Sierra Club and SPRAWLDEF cannot demonstrate any prejudice resulting from the purported abuse of discretion. Given the preemptive effect of Assembly Bill No. 845, the county cannot require compliance with Measure E as a condition of approving a use permit. It is therefore immaterial that the county purportedly abused its discretion in failing to enforce Measure E at the time it approved the permit.

3. ***The pending challenge to the award of attorney fees does not require an examination of the merits of the appeals.***

The trial court awarded attorney fees to Sierra Club, Northern California Recycling Association, and SPRAWLDEF as successful parties pursuant to Code of Civil Procedure section 1021.5. The attorney fee award is currently being challenged in a

8

separate appeal that has not been consolidated with the merits appeals. (See *Northern California Recycling Association v. County of Solano*, Docket No. A132844.) Sierra Club argues these consolidated appeals are not moot because it is necessary to examine the merits of the dispute in order to determine whether the trial court properly awarded attorney fees. We disagree.

It is well settled that when an appellate court reverses an underlying judgment, an award of attorney fees under Code of Civil Procedure section 1021.5 premised on that judgment must also be reversed. (*Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 16; *National Parks & Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234, 238-239; *City of Sacramento v. State Water Resources Control Bd.* (1992) 2 Cal.App.4th 960, 978-979.) The attorney fee award falls along with the underlying judgment because the party that received the award is no longer a successful party for purposes of Code of Civil Procedure section 1021.5. (*City of Sacramento v. State Water Resources Control Bd., supra,* at p. 979.)

For reasons we have discussed above, the proper resolution of these appeals in light of Assembly Bill No. 845 is to summarily reverse the order directing the county to enforce Measure E as judicially rewritten. (See *County of Fresno v. Shelton, supra,* 66 Cal.App.4th at p. 1005 [summary reversal is appropriate procedure when challenged judgment is contrary to newly enacted law rendering appeal moot].) Because Sierra Club is no longer a successful party following the reversal compelled by Assembly Bill No. 845, the award of attorney fees must necessarily be reversed. It is unnecessary to reach the merits of the dispute to arrive at this conclusion.

In support of its position, Sierra Club relies on *Save Our Residential Environment v. City of West Hollywood* (1992) 9 Cal.App.4th 1745 (*SORE*) and *Center for Biological Diversity v. County of San Bernardino* (2010) 185 Cal.App.4th 866 (*CBD*). In both *SORE* and *CBD,* the trial court issued writs of mandate to governmental entities and awarded attorney fees to the prevailing parties. (*SORE, supra,* 9 Cal.App.4th at pp. 1748-1749; *CBD, supra,* 185 Cal.App.4th at p. 880.) The governmental entities voluntarily complied with the writs. (*SORE, supra,* at pp. 1749-1750; *CBD, supra,* at pp. 880-881.)

9

In *SORE,* the court observed the rule that an appeal from a judgment directing issuance of a writ is generally rendered moot when a respondent voluntarily complies with the writ. (*SORE, supra,* at p. 1750.) However, because "the award of attorney fees depend[ed] on the propriety of the trial court's ruling on the merits of the action," the court concluded the appeal was not moot. (*Id.* at p. 1751.)

*SORE* and *CBD* are inapposite. Here, unlike in *SORE* and *CBD*, the appeals are moot because the law changed and not because the county voluntarily complied with the trial court's order. The proper course of action in light of the change in the law is to summarily reverse the order directing compliance with Measure E as rewritten. It is the reversal of the underlying order that compels reversal of the associated attorney fee award. In *SORE* and *CBD,* by contrast, voluntary compliance with the writs did not require reversing the underlying judgments. Consequently, the courts in those cases still had to decide the propriety of the attorney fee awards. That is not the case here, where the attorney fee award falls with the reversal of the underlying judgment.

Insofar as Sierra Club may argue that its entitlement to attorney fees is unaffected by a change in the law while the judgment is on appeal, it is mistaken. Procedural success at the trial court level does not justify an attorney fee award if the judgment is subsequently vacated as a result of a change in the law. (See *Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 458 (*Miller*).) In *Miller,* the trial court imposed injunctive relief and awarded attorney fees to the plaintiffs as the prevailing parties, with the amount of the fee award to be determined later. (*Id.* at p. 456.) Following the trial court ruling in the plaintiffs' favor, the Legislature "acted constitutionally to reverse the trial court's" judgment. (*Id.* at p. 458.) The plaintiffs sought to recover the attorney fees awarded by the trial court before the law changed. In rejecting the claim, the Court of Appeal described the plaintiff's request as "an amazing display of chutzpah." (*Id.* at p. 455, fn. omitted.) The court explained: "A necessary prerequisite to recovery under Code of Civil Procedure section 1021.5 is the status of a prevailing party. [Citation.] While it is not necessary for plaintiff to achieve a favorable final judgment to qualify for attorneys' fees (so long as the plaintiff's actions were the

catalyst for the defendant's actions), there must be *some* relief to which the plaintiff's actions are causally connected." (*Id.* at pp. 457-458.) Because of the change in the law, plaintiffs did not succeed in achieving any relief and were consequently not entitled to attorney fees. (*Id.* at pp. 458-459; cf. *Howard Jarvis Taxpayers' Assn. v. State Bd. of Equalization* (1993) 20 Cal.App.4th 1598, 1602, fn. 3 [where judgment changed substantially upon appeal as a result of intervening legislation, trial court's attorney fee award must be vacated].)

The situation here is no different from that in *Miller.* Following the trial court judgment, the Legislature changed the applicable law while the judgment was on appeal. Just as in *Miller,* the legislation was enacted to reverse the trial court's judgment. The legislative history of Assembly Bill No. 845[2] could not be more emphatic: "This bill is in response to Measure E" and "will essentially nullify Measure E and the Solano County Superior Court ruling by prohibiting a local government from restricting or limiting the importation of solid waste based on the place of origin." (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 845 (2011-2012 Reg. Sess.) as amended Aug. 14, 2012, pp. 2, 4.) Consequently, Sierra Club did not succeed in achieving any relief causally connected to its actions. Indeed, instead of achieving some measure of relief, Sierra Club's efforts were the catalyst for legislation denying the relief it sought. Under these circumstances, it is unnecessary to review the appeals on their merits in order to assess the propriety of the attorney fee award.[3]

---

[2]  On the court's own motion, we take judicial notice of the legislative history of Assembly Bill No. 845 solely for the purpose of demonstrating the law was enacted in response to Measure E and the trial court's ruling in this case. We previously provided notification of our intent to take judicial notice of the legislative history of Assembly Bill No. 845 and afforded the parties an opportunity to respond.

 During the course of the appeals, we deferred consideration of numerous requests for judicial notice pending consideration of the appeals on their merits. Because it is unnecessary to address the merits of the appeals, we deny the pending requests for judicial notice as moot.

[3]  Even if we were to examine the merits of the dispute, our conclusion would be no different. On an appeal from an injunction, declaratory relief, or a writ of mandate, we

11

**4.** *The appeals do not present a question of general public interest likely to recur.*

Even when an appeal is technically moot, an appellate court has discretion to decide an issue raised by the appeal if the issue involves a matter of public interest and is likely to recur while evading appellate review. (See *People v. Cheek* (2001) 25 Cal.4th 894, 897-898.) Sierra Club and SPRAWLDEF argue that we should exercise our discretion to resolve certain issues raised by these appeals. We decline to do so.

The overwhelming majority of issues raised by the appeals will not recur in light of the enactment of Assembly Bill No. 845. There is no reason to consider whether cities and counties are prohibited from limiting the importation of solid waste on the constitutional and other legal grounds raised in the parties' briefs on appeal. Assembly Bill No. 845 definitively answers the question. Nevertheless, Sierra Club argues we should address the more general question of whether a city or county may "usurp" the judicial function by refusing to enforce an initiative measure. Sierra Club fails to adequately explain why this issue will escape appellate review in the future. Indeed, Sierra Club even cites recent published cases where appellate courts have addressed a municipality's supposed refusal to comply with a local initiative measure, thus belying any claim the issue will evade review. Further, it is far from clear that the unique factual circumstances giving rise to the county's decision not to enforce Measure E are likely to recur in other contexts.

**5.** *SPRAWLDEF's challenge to the constitutionality of Assembly Bill No. 845 is meritless.*

SPRAWLDEF contends that Assembly Bill No. 845 is unconstitutional. It argues the bill's enactment violates constitutional separation of powers principles because it

apply the governing law in effect at the time of our decision. (*Marine Forests Society v. California Coastal Com.* (2005) 36 Cal.4th 1, 14 [injunction]; *City of Watsonville v. State Dept. of Health Services* (2005) 133 Cal.App.4th 875, 884-885 [declaratory relief]; *Callie v. Board of Supervisors, supra,* 1 Cal.App.3d at p. 18 [mandate].) Under the law as it now exists, Measure E is preempted by Public Resources Code section 40059.3, subdivision (a). Because Measure E is unenforceable, an examination of the merits would lead to the same point we have reached here—i.e., reversing the trial court's order directing enforcement of Measure E as judicially rewritten.

constitutes a legislative attempt to nullify the trial court's ruling in this case. The argument is specious.

SPRAWLDEF relies on the principle that, "[w]hile the Legislature may amend a statute and apply the changed law to pending and future cases, the amended statute may not readjudicate or otherwise disregard judgments that are already final." (*Perez v. Roe 1* (2006) 146 Cal.App.4th 171, 177.) In this case, because the review process has not concluded, the judgment is not yet "final" for separation of powers purposes. (See *id.* at p. 179.) Consequently, the prohibition against applying a statute retroactively to final court judgments is inapplicable.

On a more fundamental level, SPRAWLDEF's argument fails because Assembly Bill No. 845 does not have retroactive effect. (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 955 [statutes construed as operating prospectively only absent clear intent to contrary].) The legislation does not constitute an attempt to retroactively change civil liability established by a court of law for actions that took place in the past. Rather, the legislation is prospective only and, effective January 1, 2013, precludes cities and counties from restricting the importation of solid waste except in specified circumstances. As a consequence of this prohibition, Measure E is preempted and the trial court's order directing compliance with Measure E *in the future* cannot be given effect. This prospective change in the law does not implicate the concerns SPRAWLDEF has identified or intrude upon the powers reserved to the judicial branch.

As final matter, we note that the parties requested oral argument in the consolidated appeals. Sierra Club requested that we schedule oral argument on this motion to be heard concurrently with the merits of the appeals. It is unnecessary for us to reach the merits of the appeals for the reasons we have explained in this opinion. A party's right to oral argument exists in any appeal considered *on the merits* and decided by written opinion. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1255.) Because we dismiss or otherwise summarily dispose of the appeals without reaching the merits, there

13

is no right to oral argument on the motion before us.  Furthermore, oral argument is unnecessary to our summary disposition of the appeals on the grounds they are moot.

## DISPOSITION

The judgment in each of the consolidated appeals is reversed insofar as it orders the county to comply with Measure E as judicially rewritten.  The cross-appeals filed by Sierra Club and SPRAWLDEF are dismissed.  The matter is remanded to the trial court with directions to dismiss the petitions as moot.  Each party shall bear its own costs on appeal.


_____
McGuiness, P. J.


We concur:


_____
Pollak, J.


_____
Siggins, J.