Filed 1/22/14  No. California Recycling Assn. v. County of Solano CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NORTHERN CALIFORNIA RECYCLING ASSOCIATION,<br>    Plaintiff and Respondent,<br>    v.<br>COUNTY OF SOLANO,<br>    Defendant and Appellant; | A132844<br><br>(Solano County<br>Super. Court No. FCS033687) |
| SUSTAINABILITY, PARKS, RECYCLING & WILDLIFE LEGAL DEFENSE FUND,<br>    Plaintiff and Respondent,<br>    v.<br>COUNTY OF SOLANO et al.,<br>    Defendants and Appellants;<br>POTRERO HILLS LANDFILL, INC., et al.,<br>    Real Parties in Interest and Appellants. | (Solano County<br>Super. Court No. FCS033700) |
| SIERRA CLUB,<br>    Plaintiff and Respondent,<br>    v.<br>COUNTY OF SOLANO et al.,<br>    Defendants and Appellants;<br>POTRERO HILLS LANDFILL, INC., et al.,<br>    Real Parties in Interest and Appellants. | (Solano County<br>Super. Court No. FCS034073) |

This appeal challenges an order awarding attorney fees pursuant to the private attorney general doctrine.  (Code Civ. Proc., § 1021.5.)  In *Sierra Club v. County of Solano* (Jul. 31, 2013, A130682, A130734, A130735) [nonpub. opn.] (*Sierra Club*)), we reversed the judgment on which the attorney fee award was based.  The appellants in this

1

appeal filed a motion seeking to summarily reverse the attorney fee award in light of our decision in *Sierra Club.* We grant the motion.

## PROCEDURAL BACKGROUND

As set forth in our opinion in *Sierra Club,* in 1984 Solano County (county) voters adopted Measure E, which severely restricted the importation of solid waste that originated or was collected outside the county.[1] (*Sierra Club, supra,* A130682 at p. 2.) The county stopped enforcing Measure E in 1992, when county counsel determined the measure was unconstitutional and unenforceable in light of then-recent decisions of the United States Supreme Court. (*Sierra Club, supra,* at p. 2.)

Three petitioners—Sierra Club, Northern California Recycling Association, and Sustainability, Parks, Recycling & Wildlife Legal Defense Fund (SPRAWLDEF)—each filed the actions giving rise to the appeal in *Sierra Club.* They sought writs of mandate compelling the county to enforce Measure E and ordering the county to vacate approval of a landfill expansion that they claimed was inconsistent with Measure E. (*Sierra Club, supra,* A130682 at p. 3.)

The trial court issued a joint ruling on the merits of all three petitions in *Sierra Club*. In its joint ruling on the merits, the court directed the county to enforce Measure E as judicially rewritten to apply only to intrastate waste and not to waste generated outside of California. The court denied the request to vacate approval of the landfill expansion. (*Sierra Club, supra,* A130682 at p. 3.)

Following entry of the court's ruling on the merits, the court granted a motion for attorney fees pursuant to the private attorney general doctrine (Code Civ. Proc., § 1021.5). In a ruling filed May 31, 2011, the trial court awarded attorney fees to Sierra Club, Northern California Recycling Association, and SPRAWLDEF.

Various parties appealed the court's merits ruling in *Sierra Club.* (*Sierra Club, supra,* A130682 at p. 4.) The county, Potrero Hills Landfill, Inc., and Waste Connections

---

[1]We cite our unpublished opinion in *Sierra Club* to provide the procedural history of the case and because it is relevant under the doctrine of law of the case. (See Cal. Rules of Court, rule 8.1115(b)(1).)

2

filed appeals challenging the order awarding attorney fees. The attorney fee award is the subject of this appeal. The merits appeals were not consolidated with the fee appeals. (See *Sierra Club, supra,* at pp. 8–9.)

While the merits and attorney fee appeals were pending in this court, the legislature adopted Assembly Bill No. 845, which was signed by the governor. (*Sierra Club, supra,* A130682 at p. 4.) Assembly Bill No. 845 amended the Public Resources Code to provide that "[a]n ordinance adopted by a city or county or an ordinance enacted by initiative by the voters of a city or county shall not restrict or limit the importation of solid waste into a privately owned facility in that city or county based on the place of origin." (Pub. Resources Code, § 40059.3, subd. (a).) As we noted in our opinion in *Sierra Club,* the legislative history of Assembly Bill No. 845 revealed that it was enacted in response to Measure E and was intended to nullify the trial court's ruling directing enforcement of Measure E. (*Sierra Club, supra,* at p. 11.)

After the governor signed Assembly Bill No. 845 into law, several parties filed a motion to dismiss certain appeals in *Sierra Club* and summarily reverse the judgment in others on the ground the recently passed legislation rendered the appeals moot. (*Sierra Club, supra,* A130682 at p. 4.) In a nonpublished opinion filed in *Sierra Club* on July 31, 2013, we granted the relief requested by the moving parties. As relevant here, we reversed the judgment insofar as it ordered the county to comply with Measure E. (*Sierra Club, supra,* at p. 14.) SPRAWLDEF and Sierra Club filed petitions for review in the Supreme Court challenging our decision in *Sierra Club*. (See *Sierra Club v. County of Solano,* S212943.)

Following the resolution of the merits appeals in *Sierra Club,* Potrero Hills Landfill, Inc. and Waste Connections filed a motion in this appeal seeking to summarily reverse the order awarding attorney fees. County joined in the motion. The moving parties argued that an award of attorney fees under Code of Civil Procedure section 1021.5 falls with the judgment on which it is premised. The moving parties also alluded to the fact that, in our *Sierra Club* opinion, we addressed a contention by Sierra Club that it was necessary to consider the appeals on their merits in order to determine

3

whether the trial court properly awarded attorney fees. We rejected that contention and also concluded the "award of attorney fees must necessarily be reversed" in light of our reversal of the underlying judgment. (*Sierra Club, supra,* A130682 at p. 9.)

SPRAWLDEF and Sierra Club opposed the motion to summarily reverse the fee award. In its opposition, Sierra Club argued the motion was premature until the Supreme Court resolved any petition for review in *Sierra Club.* SPRAWLDEF contended the motion was premature and, in addition, argued that it had not yet had an opportunity to brief the question of whether reversal of the merits judgment on the grounds of mootness necessarily requires reversal of an award of attorney fees under Code of Civil Procedure section 1021.5.

In light of the pendency of the petitions for review in *Sierra Club,* we issued an order deferring consideration of the motion for summary reversal of the fee awards pending issuance of the remittitur in *Sierra Club.* On October 23, 2013, the Supreme Court unanimously denied review in *Sierra Club.* (See *Sierra Club v. County of Solano,* S212943.) This court issued the remittitur in *Sierra Club* in October 2013. Because the decision in *Sierra Club* is now final, we proceed to consider the motion to summarily reverse the attorney fee awards in this appeal.

**DISCUSSION**

As we explained in *Sierra Club,* it is well settled that when an appellate court reverses an underlying judgment, an award of attorney fees under Code of Civil Procedure section 1021.5 premised on that judgment must also be reversed. (*Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 16; *National Parks & Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234, 238–239; *City of Sacramento v. State Water Resources Control Bd.* (1992) 2 Cal.App.4th 960, 978–979.) The attorney fee award falls along with the underlying judgment because the party that received the award is no longer a successful party for purposes of Code of Civil Procedure section 1021.5. (*City of Sacramento v. State Water Resources Control Bd., supra,* at p. 979.)

4

SPRAWLDEF argues that we should assess the propriety of the attorney fee award as of the time it was entered.  According to SPRAWLDEF, we should disregard the fact that the underlying judgment was ultimately reversed on appeal due to a change in the law.

In *Sierra Club,* we considered and rejected the argument that SPRAWLDEF now makes in its opposition to the motion to summarily reverse the fee award.  (See *Sierra Club, supra,* A130682 at pp. 8–11.)  In effect, SPRAWLDEF argues that our conclusion in *Sierra Club* was incorrect and asks us to reconsider the matter.  Among other things, SPRAWLDEF contends that we erred in relying on *Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 458 (*Miller*).  We disagree.

In *Miller,* the trial court imposed injunctive relief and awarded attorney fees to the plaintiffs as the prevailing parties, with the amount of the fee award to be determined later.  (*Miller, supra,* 176 Cal.App.3d at p. 456.)  Following the trial court ruling in the plaintiffs' favor, the Legislature "acted constitutionally to reverse the trial court's" judgment.  (*Id.* at p. 458.)  The Court of Appeal rejected the plaintiffs' claim for attorney fees, reasoning that they were no longer the prevailing party after the change in the law necessitated reversing the underlying judgment.  (*Id.* at pp. 457–458.)

SPRAWLDEF seeks to distinguish *Miller,* claiming that in *Miller* the law had already changed by the time the plaintiffs moved for attorney fees.  This is a distinction without a difference.  As we pointed out in *Sierra Club,* the trial court in *Miller* awarded attorney fees to plaintiffs at the time it issued its ruling on the merits.  (*Sierra Club, supra,* A130682 at p. 10.)  All that remained to be determined was the amount of the award.  (*Miller, supra,* 176 Cal.App.3d at p. 456.)  After the law changed, and after the appellate court reversed the underlying judgment because the law had changed, plaintiffs sought to recover the attorney fees that had originally been awarded.  (*Id.* at p. 457.)  They contended that because the trial court awarded fees before the appeal that reversed the judgment on the basis of a change in the law, the trial court had no jurisdiction to do anything other than determine the amount of the fees.  (*Ibid.*)  In rejecting plaintiffs' position, the *Miller* court noted that fees could not be awarded because plaintiffs did not

5

ultimately prevail on their claim. (*Id.* at pp. 457–458.) In effect, the court rejected the argument that an appellate court must consider whether an attorney fee award was correct when rendered, regardless of whether a change in the law requires reversing the judgment.

Here, just as in *Miller*, the Legislature changed the applicable law in order to effectively reverse the injunctive relief awarded by the trial court. (*Sierra Club, supra,* A130682 at p. 11.) Consequently, SPRAWLDEF and the other petitioners did not succeed in achieving any relief. Indeed, as we stated in *Sierra Club,* "instead of achieving some measure of relief, [petitioners'] efforts were the catalyst for legislation denying the relief [they] sought." (*Sierra Club, supra,* at p. 11.) Under these circumstances, where the petitioners ultimately failed to achieve any relief and their judgment was reversed as a result of a change in the law, the attorney fee award falls along with the underlying judgment.

SPRAWLDEF's claim fails for the additional reason that it is bound by our determination in *Sierra Club* under the "law of the case" doctrine. That doctrine generally provides that a prior appellate court ruling on the law governs further proceedings in the case, regardless of whether that ruling was right or wrong. (*People v. Stanley* (1995) 10 Cal.4th 764, 786–787; *People v. Dutra* (2006) 145 Cal.App.4th 1359, 1364–1365.) The "law of the case" doctrine applies when a reviewing court states in its opinion a principle or rule of law necessary to the decision. (*People v. Dutra, supra,* at p. 1364.)

In *Sierra Club,* we addressed the same argument SPRAWLDEF seeks to raise in this appeal. (*Sierra Club, supra,* A130682 at pp. 8–11.) We rejected the argument and stated our reasons for doing so. (*Ibid.*) Our analysis was necessary to our decision and directly responded to a contention raised by Sierra Club. Further, we concluded: "Because Sierra Club is no longer a successful party following the reversal compelled by Assembly Bill No. 845, the award of attorney fees must necessarily be reversed." (*Id.* at p. 9.) That conclusion applies to SPRAWLDEF as well as Sierra Club.

6

SPRAWLDEF complains that it was not afforded an opportunity to brief the issue. We are not persuaded that SPRAWLDEF should be able to raise the issue anew as a result of the way the matter was addressed in *Sierra Club*. SPRAWLDEF was a party in *Sierra Club*. Its coparty, Sierra Club, raised the issue SPRAWLDEF now claims it should be allowed to brief in this appeal. If SPRAWLDEF objected to the court's analysis or believed it had not been given a fair opportunity to address the issue in *Sierra Club*, it could have sought rehearing of this court's decision. In addition, it had an opportunity to petition the Supreme Court for review on that issue. SPRAWLDEF cannot be heard to complain that it had no opportunity in *Sierra Club* to comment on the attorney fee issue or to challenge the court's ruling.

## DISPOSITION

The trial court's Ruling Regarding Motions for Attorney's Fees, filed May 31, 2011, is reversed.

7

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.