Filed 7/27/16  Preserve Poway v. City of Poway CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PRESERVE POWAY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CITY OF POWAY,<br><br>    Defendant and Appellant;<br><br>HARRY A. ROGERS et al.,<br><br>    Real Parties in Interest and Appellants. | D067645<br><br><br><br>(Super. Ct. No. 37-2013-00067667-<br>                CU-TT-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Reversed with directions.

McDougal, Love, Eckis, Boehmer & Foley and Morgan L. Foley for Defendant and Appellant City of Poway.

Byron & Edwards, Michael M. Edwards and Robert Scott Norman for Real Parties in Interest and Appellants Harry Rogers, John F. Trochta, Shirley R. Trochta and John Fitch and Associates.

The Law Office of Julie M. Hamilton, Julie M. Hamilton and Leslie Gaunt for Plaintiff and Respondent.

This appeal challenges an order awarding attorney fees and costs in CEQA[1] litigation that the trial court awarded under the private attorney general doctrine. (Code Civ. Proc.,[2] § 1021.5) While this appeal was pending, in a separate appeal, *Preserve Poway v. City of Poway* (2016) 245 Cal.App.4th 560 (*Preserve Poway*), review denied June 22, 2016, we reversed the judgment on which this attorney fee and cost order was based.

Defendant and real parties in interest here have filed a motion seeking summary reversal of the attorney fee and cost order in light of our decision in *Preserve Poway*. Plaintiff has not filed opposition, and defendant and real parties in interest have waived oral argument. We grant the motion.

We may summarily reverse a trial court order where (1) "the proper resolution of the appeal is so obvious and without dispute that briefing would not serve any useful purpose" (*Weinstat v. Dentsply Internat., Inc.* (2010) 180 Cal.App.4th 1213, 1224), and

---

[1]     California Environmental Quality Act, Public Resources Code section 21000 et seq.

[2]     Hereafter, all statutory references are to the Code of Civil Procedure unless otherwise specified.

(2) the parties have waived oral argument. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 870.)

Reversal of the judgment in *Preserve Poway* eliminates the basis for the attorney fee and cost award. To recover fees under section 1021.5, a claimant must show he or she was successful in the action. "Thus, where an appellate court reverses a judgment ordering issuance of a writ of mandate, 'it follows' that the trial court's section 1021.5 attorney fees award must also be reversed." (*National Parks & Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234, 238.)

## DISPOSITION

The order granting plaintiff's motion for attorney fees and costs is reversed, and the trial court is directed to enter a new order denying the motion.

Defendant City of Poway and real parties in interest Harry A. Rogers, John F. Trochta, Shirley R. Trochta, and John Fitch and Associates are entitled to their costs on appeal.


NARES, J.

WE CONCUR:


HUFFMAN, Acting P. J.


McDONALD. J.