Filed 2/7/22   First American Title Ins. v. Cal. Dept. of Tax and Fee Admin. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, <br><br> Defendant and Appellant. | D079025 <br><br><br> (Super. Ct. No. 37-2018-00065184-CU-WM-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Reversed with directions.

Rob Bonta, Attorney General, Tamar Pachter, Assistant Attorney General, and Lisa W. Chao, Deputy Attorney General, for Defendant and Appellant.

Bewly Lassleben & Miller and Leighton M. Anderson, for Plaintiff and Respondent.

First American Title Insurance Company (First American) prevailed in the superior court in an action seeking (1) a refund of sales tax reimbursement it had paid to lessors of business equipment; and (2) an order

vacating as unconstitutional a tax regulation providing that sales tax applied if the lessee (such as an insurance company) was exempt from paying use tax. The superior court later awarded First American $204,391.97 in attorney fees as the prevailing party under Revenue and Tax Code section 7156. The California Department of Tax and Fee Administration (Department) separately appealed from the judgment and the postjudgment order awarding attorney fees. While considering the appeal from the judgment, we stayed briefing on the attorney fee appeal.

We recently reversed the underlying judgment and vacated the writ of mandate issued by the superior court. (*First American Title Ins. Co. v. California Dept. of Tax & Fee Administration* (2021) 71 Cal.App.5th 603 (*First American I*).) After the remittitur issued, we vacated the stay in the attorney fee appeal, set a briefing schedule, and encouraged the parties to reach a negotiated resolution in light of the reversal of the judgment. Acting on our suggestion to resolve this matter themselves, the parties have now stipulated to a summary reversal of the attorney fee order.

DISCUSSION

Code of Civil Procedure, section 128, subdivision (a)(8), provides in relevant part: "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: ¶ (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. ¶ (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

2

In this case, the parties' reason for seeking a stipulated reversal is well-grounded in legal authority. Upon reversal of the underlying judgment, it necessarily follows that the trial court's award of attorney fees under a statute authorizing a fee award to a prevailing party must also be reversed. (See *National Parks and Conservation Assn. v. County of Riverside* (2000) 81 Cal.App.4th 234, 238.) Thus, there could be no erosion of public trust because reversal is compelled by law. On a broader level, public trust in the courts is enhanced, not eroded, when parties recognize the legal reality of a final disposition in a related appeal and agree to resolve other pending cases based on it.

Nor will reversal adversely affect the interests of nonparties or the public. To the contrary, the public interest is advanced because a pending appeal by a state agency will be resolved in its favor without its incurring further expense. (See *Union Bank of California v. Braille Inst. of America, Inc.* (2001) 92 Cal.App.4th 1324, 1329.) And because the order being challenged pertains only to attorney fees incurred in the underlying case, reversal will have no impact on nonparties to the appeal, and indeed no such nonparties have been identified.

Finally, as to the last factor, the availability of a stipulated reversal will not reduce the incentive for pretrial settlement since the pursuit of this appeal would inevitably lead to reversal in any event.

## DISPOSITION

The order awarding attorney fees is reversed and the matter is remanded to the superior court with directions to enter a new order denying First American's motion for attorney fees. Pursuant to stipulation, the parties shall bear their own costs on this appeal, and the remittitur shall issue forthwith.

DATO, J.

WE CONCUR:


AARON, Acting P. J.


GUERRERO, J.

4