[S.F. No. 24442. Dec. 9, 1982.]

JERRY MOLES, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,
Defendant and Respondent.

**COUNSEL**

Joan G. Poulos for Plaintiff and Appellant.

Quin Denvir, State Public Defender, and Eric J. Coffill, Deputy State Public Defender, as Amici Curiae on behalf of Plaintiff and Appellant.

Donald L. Reidhaar, John F. Lundberg and Christine Helwick for Defendant and Respondent.

OPINION

**BIRD, C. J.**—May the composition of a three-judge panel of a Court of Appeal be altered *after* oral argument so that one of the justices taking part in the decision of a case is a justice who has not participated in any part of the prior deliberations?

I.

Plaintiff, Jerry Moles, is a former employee of the University of California, Davis. He was first appointed to the Davis faculty for the 1971-1972 academic year. That appointment was followed by a succession of annual and biennial appointments, interrupted only by a leave of absence in 1975. By 1978, his sixth year of service, Moles was an assistant professor of anthropology and was eligible for a tenured position. Accordingly, the university conducted a tenure review which resulted in a denial of tenure. Following that decision, Moles was given a terminal appointment for the 1979-1980 academic year.

Naming the Regents of the University of California as defendant,[1] Moles filed a petition for writ of mandate in the Yolo County Superior Court. He claimed that the Regents had violated his rights under the due process clauses of the United States and California Constitutions, and under the university's own regulations. More specifically, Moles argued that the university had unlawfully denied him a pretermination hearing, and that it had improperly considered "false and dishonest documents" during the tenure review. After a hearing, the trial court denied the petition, finding no support in the law for Moles' claims.

Moles then filed an appeal before the Third Appellate District of the Court of Appeal. A three-judge panel consisting of Presiding Justice Puglia and Justices Blease and Reynoso was assigned to hear his case. After oral argument, but before the panel rendered its decision, the presiding justice assigned another judge, Justice Evans, to take Justice Reynoso's place in the consideration of the case. A written decision affirming the trial court's judgment was ultimately filed on May 6, 1982. That decision was signed by Presiding Justice Puglia, and by Justices Blease and Evans.

Moles timely filed a petition for rehearing in which he argued that it was "inherently unfair" for a judge who was *not* present at oral argument to participate in the decision of his case. Defendant argued that a rehearing was unnecessary. According to defendant, even if Justice Evans' participation was error, it was "harmless," since the Constitution requires only the "[c]oncurrence of 2 judges present at the argument" for a valid decision (Cal. Const., art. VI, § 3).

---

[1]Also named as defendants were 10 "Does."

The Court of Appeal denied the petition for rehearing on June 2, 1982, without issuing an opinion on this question. Moles' petition for a hearing before this court was granted on June 30, 1982.

## II.

█ The only issue this court must decide is whether a presiding justice may alter the composition of the panel of justices to whom a case has been assigned for decision after oral argument.

It is futile to search for any authority for such action. There is none. No provision of the Constitution, no statute, no rule of court may be found which—expressly or impliedly—authorizes a presiding justice to alter the composition of the panel of justices assigned to· consider and determine an appeal *after* oral argument.[2] To the contrary, both the law and sound policy lead to one conclusion—a judge who has not participated in all the stages of the decision-making process may *not* be permitted to participate in the final decision and sign the opinion issued by that panel.

At an early date in California's constitutional history, this court observed that "whenever there is an oral argument, only the justices who were present at such argument would be authorized to take part in the decision of the cause." (*Niles* v. *Edwards* (1892) 95 Cal. 41, 44 [30 P. 134].) █ Indeed, it has been the general rule in California that "a judge not present at the argument is barred from participating in the decision." (6 Witkin, Cal. Procedure (2d ed. 1972) Appeal, § 490, p. 4442.) The only sanctioned exceptions to this rule occur where the parties stipulate to the participation of an absent judge (see *Luco* v. *De Toro* (1891) 88 Cal. 26, 27 [25 P. 983]; *Blanc* v. *Bowman* (1863) 22 Cal. 23, 25-26; *Straus* v. *Straus* (1935) 4 Cal.App.2d 461, 465-466 [41 P.2d 218, 42 P.2d 378]), or entirely waive oral argument by submitting the case for decision on the briefs (see *Philbrook* v. *Newman* (1905) 148 Cal. 172, 178 [82 P. 722]). (See generally, 6 Witkin, *supra*, at p. 4442.)[3]

---

[2]The pertinent constitutional provision, article VI, section 3, provides only that a Court of Appeal shall conduct itself as a three-judge court and that the concurrence of two justices present at the argument is necessary for a judgment.

[3]*Metropolitan Water Dist.* v. *Adams* (1942) 19 Cal.2d 463 [122 P.2d 257] is not to the contrary. In that case, one of the regular members of this court, Justice Houser, was not present to participate in the consideration and decision of the appeal. As a result, a Court of Appeal justice, Justice Pullen, was temporarily assigned to sit in Justice Houser's place. Following oral argument, the case was submitted and a written opinion filed affirming the trial court's judgment for defendants. Only Justice Pullen and the six regular members of this court who were also present at oral argument participated in the decision. (*Id.,* at p. 466.)

Plaintiffs then petitioned for rehearing and an order granting rehearing—signed by Justice Houser and three other regular members of this court—was filed. (*Ibid.*) Defendants contended that although Justice Houser was a regular member of the court he should not have been able to

To hold otherwise would inevitably infringe the right of litigants to oral argument on appeal, a right recently reaffirmed by this court in *People* v. *Brigham* (1979) 25 Cal.3d 283 [157 Cal.Rptr. 905, 599 P.2d 100]. *Brigham* involved an appeal from a criminal conviction for two counts of robbery and one count of attempted robbery. Although the appellant requested oral argument in the Court of Appeal, that court—upon motion of the Attorney General—denied his request and summarily affirmed his conviction. *Brigham* held that the appellant had a *right* to oral argument on appeal. Accordingly, the Court of Appeal had "acted outside its authority" when it refused to allow oral argument. (*Id.*, at p. 289.)

*Brigham* traced the right to oral argument on appeal to several sources, including the Constitution, the California Rules of Court, prior case law, and the Penal Code. (*Id.*, at p. 285.) Since *Brigham* involved a criminal appeal, the decision did not specifically consider whether the right to oral argument on appeal also pertains in civil cases. But, with the exception of the Penal Code and cases decided thereunder, the authority cited in *Brigham* is equally applicable to civil appeals.

As *Brigham* explained, "[t]he drafter of rule 22 [of the California Rules of Court[4]] has recognized the right to present oral argument." (25 Cal.3d at p. 285.) Indeed, soon after the Rules of Court were adopted, the drafter commented that "[t]he right of counsel to argue a cause orally before the reviewing court is implicit in Rule 22 and Rule 28(f)."[5] (Witkin, *New California Rules on Appeal* (1944) 17 So.Cal.L.Rev. 232, 243, fn. omitted.) Why? Because, "[g]*enerally speaking, the right exists in any appeal* or original proceeding which is considered on the merits and decided by a written opinion . . . ." (*Id.*, at pp. 243-244, italics added.)

sign the order granting a rehearing because he was not present at oral argument.

This contention was rejected and the court held that "[t]he assignment, always temporary, of a justice of the District Court of Appeal to the Supreme Court, does not and cannot deprive a regularly constituted member of the Supreme Court of his constitutional functions, when he is able, ready and willing to act . . . ." (*Id.*, at p. 470.)

In passing *dictum*, the opinion has some language which indicates that "there is no provision of the Constitution which would prevent a justice of the court . . . who had not heard [oral] argument from participating in the pronouncement of a judgment . . . if four justices who were present at the argument have also participated . . . ." (*Id.*, at p. 473.) The most that can be said of this dictum is that it was ill-advised. (See, *infra*, at pp. 871-873.)

[4]Rule 22 now provides, "Unless otherwise ordered: (1) counsel for each party shall be allowed 30 minutes for oral argument, except that in a case in which a sentence of death has been imposed each party shall be allowed 45 minutes; (2) not more than one counsel on a side may be heard except that different counsel for the appellant or the moving party may make opening and closing arguments and in a case in which a sentence of death has been imposed two counsel may be heard in either opening or closing argument for each side; (3) each party and intervener who appeared separately in the court below may be heard by his own counsel; and (4) the appellant or the moving party shall have the right to open and close."

[5]Rule 28(f), which is applicable only to the Supreme Court, provides "[w]hen a hearing is granted, the cause shall be placed on the calendar for oral argument, unless oral argument is waived . . . ."

Moreover, implicit recognition of the right to oral argument in civil—as well as criminal—cases is also found in the state Constitution and in prior case law. "The Constitution of the State of California recognizes a right to oral argument on appeal. Article VI, section 3 provides that: '[c]oncurrence of 2 judges *present at the argument* is necessary for a judgment' by the Court of Appeal." (*People* v. *Brigham, supra,* 25 Cal.3d at pp. 287-288, fn. omitted, italics added.) Since article VI, section 3 was amended in 1966 to "parallel" article VI, section 2, which governs the Supreme Court, "all the cases which interpret the phrase 'present at the argument' in article VI, section 2 are now equally applicable to the same sections in article VI, section 3." (*Id.,* at p. 288, fn. 7.) Therefore, the longstanding recognition in prior case law of the right of *all* litigants before the Supreme Court to argue their cases orally was made applicable to the Court of Appeal as well.

■ These authorities, by their explicit and implicit recognition of the right to oral argument in *all* appeals, provide ample evidence of the existence of that right in civil as well as criminal cases.

This right to oral argument would be an empty right indeed if it did not encompass the right to have one's case decided by the justices who heard the argument. Oral argument provides the only opportunity for a dialogue between the litigant and the bench. As a result, "it promotes understanding in ways that cannot be matched by written communication." (Com. on Revision of Fed. Ct. App. System, Structure and Internal Procedures: Recommendations for Change (1975) p. 48.) For example, in complex cases, oral argument "provides a fluid and rapidly moving method of getting at essential issues." (ABA Committee on Stds. of Jud. Admin., Stds. Relating to App. Cts. (Approved Draft 1977) p. 56.) In the words of one judge, " 'Mistakes, errors, fallacies and flaws elude us in spite of ourselves unless the case is pounded and hammered at the Bar.' " (Cutler, *Appellate Cases: The Value of Oral Argument* (1958) 44 A.B.A. J. 831, 832; see generally Stern, Appellate Practice in the United States (1981) pp. 358-359.)

No proof of the value of oral argument is more compelling, however, "than the fact that many judges find that the opportunity for a personal exchange with counsel makes a difference in result." (Com. on Revision of the Fed. Ct. App. System, Structure and Internal Procedures: Recommendations for Change, *supra,* at p. 47.) This aspect of oral argument—the chance to make a difference in result—is extremely valuable to litigants. If oral argument is to be more than an empty ritual, it must provide the litigants with an opportunity to persuade those who will actually decide an appeal. Clearly, oral argument cannot provide this opportunity if the judges who hear the argument are not the ones who decide the case. If "those who hear" are not "those who decide," oral argument is meaningless, and the right to oral argument no right at all.

■ Thus, permitting a justice who has not heard oral argument to participate in the decision of a case would effectively deny litigants their right to oral argument on appeal.

In addition, there are good policy reasons for forbidding a judge not present at other stages of the decision-making process from participating in the decision of an appeal. Much of the discussion and consideration of a case takes place either before or immediately after oral argument in formal or informal judicial conferences. Although the practice varies from district to district, most Courts of Appeal do substantial amounts of work on a case *before* oral argument takes place. Often, a tentative decision will be written and circulated to other panel members for their comments. (See, e.g., Cal. Cts. App., Internal Operating Practices and Procedures (1st ed. 1979) pp. 33, 39, 40, 46, 53, 62, 74, 79.) In many cases, a preargument conference is held, in which the justices share their views on the issues of a case. (See *id.*, pp. 12, 13, 62, 86.) Further, "[m]ost courts confer after argument . . . either on the same day or shortly thereafter. . . . [¶] This process assures that each judge will have the benefit of the views of his colleagues and of the interchange between all of the judges which is the heart of collegial decision-making . . . ." (Stern, Appellate Practice in the United States, *supra,* pp. 480-481.)

These formal and informal conferences are the forums in which much of the judicial process takes place. They provide judges an opportunity to discuss among themselves any difficulties they might have with the issues or analyses in a particular case. A judge who has not participated in these early conferences is simply not as well prepared or as qualified to participate in the decision of a case as a judge who has. To allow one to substitute freely for the other would be nothing less than a distortion of the judicial process.

As one commentator has observed, "The whole reason for there being more than one judge on an appellate court is that the different perceptions, premises, logic, and values of three or more judges ensure a better judgment. In these differences and in the process of criticism, response, and resolution lies the virtue of the appellate process. The heart of collegiality is unremitting criticism." (Coffin, The Ways of a Judge (1980) p. 174.)

Defendant maintains that even if Justice Evans' participation was improper, the error was "harmless." Relying on *People* v. *Castellano* (1978) 79 Cal.App.3d 844 [145 Cal.Rptr. 264], defendant argues that under the Constitution, two justices alone have the power to hear and, if they concur, decide an appeal.[6] Thus, defendant contends that the constitutional requirement for a

---

[6]In *Castellano,* the disqualification of one judge left a division of the Court of Appeal for the Fourth Appellate District without its normal complement of judges. The court, with only two qualified justices, had to decide whether two judges alone could hear argument and, if they concurred, render a constitutionally valid decision. The court held that they could. (*Id.,* at p. 862.)

valid decision was met in this case. Defendant misses the point. Even if this court were to assume arguendo that two justices *alone* could properly hear oral argument and decide an appeal, the fact remains that, in the case at hand, they did not do so. Instead, a judge who had *not* heard oral argument and had not taken part in the earlier deliberations of the panel *participated* in the decision of the case in conjunction with two justices who had.

The record here cannot show the particular effect that Justice Evans' "perceptions, premises, logic, and values" had on the ultimate decision in this case. (Coffin, The Ways of a Judge, *supra,* at p. 174.) Nor can it show whether that effect would have been different had Justice Evans heard oral argument or participated in the earlier deliberations of the panel. This court can only speculate about the influence his legal analysis and tentative conclusions had on the other panel members. The only certainty is that the outcome of Moles' appeal could easily have been affected by a justice whom Moles never had an opportunity to address and persuade. His right to attempt that persuasion through oral argument was denied.

### III.

Roscoe Pound once wrote, "Good oral argument before a bench not too large is excellent insurance against one-judge decisions." (Pound, Appellate Procedure in Civil Cases (1941) p. 393.) Reflecting this policy, California law has long required that appeals be decided *only* by the justices who have heard oral argument and have participated in the early deliberations of the court. To hold otherwise would inevitably violate the right to oral argument on appeal and would contravene important policy considerations. Since there is no authority, constitutional or otherwise, granting the presiding justice of a Court of Appeal the power to substitute one justice of a panel for another after oral argument, the decision issued below is invalid.

Accordingly, this case is retransferred to the Court of Appeal for reargument and decision by a properly constituted panel.

Mosk, J., Kaus, J., Broussard, J., Staniforth, J.,* and Lui, J.,* concurred.

Richardson, J., concurred in the result.

---

*Assigned by the Chairperson of the Judicial Council.