MOSK, J., Dissenting.
I joined the dissent in Powers v. City of Richmond (1995) 10 Cal.4th 85, 124 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (Powers), which concluded, after extensive historical review, that article VI, section 11 of the California Constitution was intended to give litigants who had their cause adjudicated in superior court a right of direct appeal that could not be supplanted by discretionary writ review. The majority today formulate a ^position to whichonly three justices on the Powers court assented—that the Legislature has the virtually unlimited authority to substitute writ proceedings for appeal. I cannot agree.
*675 The differences between review by writ and by appeal are not merely formal or theoretical. Despite the majority’s clarification that when a writ is the only means of appellate review, denial of the writ must necessarily be on the merits (maj. opn., ante, at p. 670), it can hardly be doubted that writ review affords fewer procedural protections. This is so because writ review lacks those basic components of ordinary appellate review—oral argument and a written opinion—that ensure the merits of an appeal will be fairly considered. “Oral argument provides the only opportunity for a dialogue between the litigant and the bench. As a result, ‘it promotes understanding in ways that cannot be matched by written communication.’ [Citation.] For example, in complex cases, oral argument ‘provides a fluid and rapidly moving method of getting at essential issues.’ [Citation.] In the words of one judge, ‘ “Mistakes, errors, fallacies and flaws elude us in spite of ourselves unless the case is pounded and hammered at the Bar.” ’ [Citations.] [¶] No proof of the value of oral argument is more compelling, however, ‘than the fact that many judges find that the opportunity for a personal exchange with counsel makes a difference in result.’ [Citation.] This aspect of oral argument—the chance to make a difference in result—is extremely valuable to litigants.” (Moles v. Regents of University of California (1982) 32 Cal.3d 867, 872 [187 Cal.Rptr. 557, 654 P.2d 740].) We know too, from personal experience, that when a reviewing court must account for its conclusions in a written opinion, even if that opinion is not published in the official records, there is a greater likelihood that it will carefully analyze the merits. For reasons fully articulated by the dissent in Powers, I continue to be persuaded that a right of direct appeal—including oral argument and a written opinion—is what the drafters of article VI, section 11 of the California Constitution and its predecessor sections had in mind by “appellate jurisdiction.”
Unlike the lead opinion in Powers, and the majority today, the concurring opinion in Powers proposed a narrow holding. It focused primarily on the statute before it, the California Public Records Act (Gov. Code, § 6250 et seq.). It concluded that requiring appellate review by extraordinary writ in such a case did not violate article VI, section 11 of the California Constitution, in part because the Legislature “determined that appellate review by extraordinary writ, rather than by direct appeal, would better protect the rights afforded by the Public Records Act.” (Powers, supra, 10 Cal.4th 85, 123 (conc. opn. of George, J.).) Implicit in this position is the assumption that the Legislature may substitute writ review for that of direct appeal if such substitution advances an important legislative objective. But assuming arguendo that this position is correct, and that rights under the California Public Records Act were indeed best protected by resort to an expeditious writ, in the present case I find that no such legislative objective is advanced. It is not claimed that review by extraordinary writ under Business and *676 Professions Code section 2337 will better protect the right of physicians to practice their profession. On the contrary, the substitution of writ review for direct appeal is inconsistent with the heightened constitutional protections afforded someone who is in danger of losing a vested right to practice his or her profession. (See Unterthiner v. Desert Hospital Dist. (1983) 33 Cal.3d 285, 297 [188 Cal.Rptr. 590, 656 P.2d 554].)
The concurring opinion in the present case would justify the restriction on appellate review in part by the “significant public interest in the speedy removal of incompetent physicians from the practice of medicine.” (Conc. opn. of George, C. J., ante, at p. 672.) But the requirement of writ review does not substantially advance this interest. Once the Medical Board of California has suspended or revoked a physician’s license, a physician can only obtain a stay of the order if it is granted by the superior court to which he or she has applied for a writ of mandate. (Code Civ. Proc., § 1094.5, subd. (h)(1).) A stay may be granted only if “the court is satisfied that the public interest will not suffer and that the [licensing] agency is unlikely to prevail ultimately on the merits” (ibid.), which means that the court must convince itself that the physician is likely to prevail on the merits (Board of Medical Quality Assurance v. Superior Court (1980) 114 Cal.App.3d 272, 276 [170 Cal.Rptr. 468]). Thus, the Medical Board already has the power to timely remove from practice incompetent or unscrupulous physicians, and further restriction on the ability to grant a stay may be legislated without the need to eliminate a right of appeal.
In short, the majority and concurring opinions in this case do not merely follow Powers, but significantly broaden it by expanding the class of cases in which the Legislature may deny the constitutional right of appeal. I cannot join them in that enterprise.