Filed 4/17/14  Ming v. Kappos CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| **GEOFFREY E. WOO-MING,** | |
| **Plaintiff and Appellant,** | **A138419** |
| **v.** | |
| **STEPHEN MARK KAPPOS et al.,** | **(Sonoma County Super. Ct. No. SCV252559)** |
| **Defendants and Respondents.** | |

Plaintiff Geoffrey E. Woo-Ming, M.D. (plaintiff or appellant) appeals in propria persona from a judgment entered after the trial court granted defendants Stephen Mark Kappos's and Creditor Trade Association's (collectively, defendants) special motions to strike plaintiff's abuse of process complaint.  (Code Civ. Proc., § 425.16.)[1]  Plaintiff contends the court erred by granting the motions.  He has forfeited his contentions by failing to cite to the record in violation of California Rules of Court, rule 8.204.[2]  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff purchased advertising from The Fresno Bee (Bee) newspaper.  Plaintiff did not pay for the advertising and the Bee assigned his delinquent account to the

---

[1]     All further statutory references are to the Code of Civil Procedure.

[2]     All rule references are to the California Rules of Court.

Creditors Trade Association (CTA).[3]  The CTA, represented by attorney Kappos, sued plaintiff to collect the debt.  Plaintiff did not respond to the complaint and the court entered a default judgment against him in the amount of $11,344.48.  CTA attempted, unsuccessfully, to collect the judgment.  The court denied plaintiff's motion to set aside the default judgment and later held plaintiff in contempt for violating a court order, sanctioned him $1,000, and issued a bench warrant for his arrest.

Plaintiff sued defendants for abuse of process, alleging Kappos committed perjury by filing the lawsuit in the wrong county and that Kappos wrongfully obtained a writ of execution against him.  Defendants moved to strike plaintiff's complaint pursuant to section 425.16, contending their acts were privileged.  Plaintiff opposed the motions and moved for summary judgment.  Following a hearing, the court denied plaintiff's summary judgment motion, granted defendants' special motions to strike, and awarded defendants attorney fees and costs.

## DISCUSSION

"Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record.*"  (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2013) ¶ 9:36, p. 9-12 (Rutter), citing rule 8.204(a)(1)(C)).)  Appellants acting in propria persona are held to the same standards as those represented by counsel.  (See, e.g., *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819.)

Plaintiff's opening and reply briefs do not comply with this rule.  His briefs make "numerous references to purported evidence in the record, but fail[] to cite to the record as required by . . . rule 8.204(a)(1). . . . It is not the task of this court to search the record for evidence that supports the statements in an appellate brief; it is the responsibility of

---

[3]      Plaintiff's opening brief contains a "statement of undisputed facts" but "fails to provide a citation to the appellate record for these facts" and, as a result, "we do not consider them."  (*Dominguez v. Financial Indemnity Co.* (2010) 183 Cal.App.4th 388, 392, fn. 2.)

2

[the appellant] to cite this court to the record evidence." (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1310, fn. 3; see also *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738 [appellant has the burden "to refer us to the portion of the record supporting his contentions on appeal. . . . 'It is not incumbent upon this court to search a record . . . to determine a point raised in this manner'"]; *Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745.)

"When an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as *waived or forfeited*." (Rutter, *supra*, ¶ 9:36, p. 9-12; *Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1 ["[u]pon the party's failure" to comply with rule 8.204 "the appellate court need not consider or may disregard the matter"].) We conclude plaintiff has forfeited his contentions by failing to cite to the record in violation of rule 8.204. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800 [appellant forfeited several contentions by failing to provide a "*single* record citation"]; *Stockinger v. Feather River Community College* (2003) 111 Cal.App.4th 1014, 1025 [appellate court has "discretion to disregard contentions unsupported by proper page cites to the record"]; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 ["violation of the rules of court may result in . . . waiver of the arguments made therein, the imposition of fines and/or the dismissal of the appeal"].)

Because a "judgment challenged on appeal is presumed correct, . . . it is the appellant's burden to affirmatively demonstrate error. [Citation.]" (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) Here, plaintiff's failure to cite to the record precludes him from demonstrating error. (*Paiva v. Nichols* (2008) 168 Cal.App.4th 1007, 1037.) As a result, we affirm.[4]

---

[4] Plaintiff requested oral argument. The parties are entitled to present oral argument as a matter of right in any appeal considered on the merits and decided by a written opinion. (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1255.) Plaintiff is not entitled to oral argument because we affirm based on a procedural default and do not reach the merits of his claims.

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to costs on appeal.  (Rule 8.278.)

_____
Jones, P. J.

We concur:

_____
Simons, J.

_____
Bruiniers, J.