Filed 4/30/14  Pauley v. Richmond Police Dept. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARILYN PAULEY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RICHMOND POLICE DEPARTMENT,<br><br>    Defendant and Respondent. | A139319<br><br>(Contra Costa County<br>Super. Ct. No. MSC1200932) |

Plaintiff Marilyn Pauley appeals from a judgment dismissing her complaint against the Richmond Police Department (department).  Because Pauley has presented no cognizable or intelligible legal argument challenging the judgment, we dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

Pauley filed an in propria persona (pro. per.) complaint against the department on April 13, 2012 asserting claims of discrimination, unfair business practices, and fraud. The gravamen of her complaint is that the department discriminated against her by having her car towed on April 5, 2010.  A police report attached to the complaint reflects that Pauley's car was towed because the vehicle's registration had expired more than six months earlier.  (See Veh. Code, § 22651, subd. (o)(1)(A).)  Pauley alleged that the person who ordered her car towed was rude and did not follow standard procedures, which she claimed required giving her 72-hours notice before the car could be towed. She alleged that the department discriminated against her because of her race and because

1

of the geographical location where the car was parked. She sought damages totaling $100,000.

The department filed a demurrer on the ground the complaint failed to state a cause of action. In February 2013, the trial court sustained the department's demurrer with leave to amend. One of the grounds for sustaining the demurrer was that the complaint failed to allege that Pauley had filed a timely government tort claim before filing her lawsuit, as required by Government Code section 900 et seq. The court granted Pauley 45 days after service of its order sustaining the demurrer to file and serve an amended complaint.

Pauley did not file an amended complaint. Instead, on March 20, 2013, she filed a document entitled "RESPONSE TO DEMURRER LEAVE TO AMEND COMPLAINT VALID CAUSE OF ACTION." Her "response" contained additional detail about the towing incident and included an allegation that she filed a government tort claim against a "State Government Agency" on October 4, 2012. She further claimed she filed a government tort claim against the City of Richmond on March 19, 2013 after she was informed that the city is not a state government agency.

On April 26, 2013, the department filed a motion to dismiss and a separate motion for judgment on the pleadings. In the motion to dismiss, the department contended the action should be dismissed with prejudice because Pauley had failed to file an amended complaint or any other procedurally permissible pleading in response to the court's order sustaining the demurrer with leave to amend. In support of its motion for judgment on the pleadings, the department argued, among other things, that Pauley's complaint was barred for failure to file a timely government tort claim with the City of Richmond. The department pointed out that Pauley had expressly admitted in her "response" to the order sustaining the demurrer that she did not file a government tort claim until after she commenced her lawsuit against the department, which was well over one year after the department allegedly discriminated against her by towing her car.

The trial court granted the department's motion to dismiss as well as its motion for judgment on the pleadings. This appeal followed.

2

The department argues that the appeal should be dismissed because Pauley's appellate brief contains no pertinent or intelligible legal argument and violates the California Rules of Court in numerous respects.[1]  Under the circumstances presented here, we agree with the department.

Pauley filed an opening brief in this appeal on October 4, 2013.  On October 7, 2013, this court ordered the brief stricken as a result of noncompliance with applicable rules concerning the content and submission of briefs.  Among other things, we pointed out that the brief contained no citations to the record on appeal and failed to contain any pertinent or intelligible legal argument.  We directed Pauley to file a corrected brief within 15 days.  After Pauley failed to file a corrected opening brief, we dismissed the appeal on November 13, 2013.  At Pauley's request, we reinstated the appeal on December 9, 2013.  She thereafter filed a second, "corrected" opening brief on December 26, 2013.

Like her original opening brief, Pauley's second opening brief fails to comply with applicable rules governing appellate briefs.  The brief contains no citations to the record (rule 8.204(a)(1)(C)) and fails to provide this court with a summary of the relevant factual and procedural history (rule 8.204(a)(2)).

The rules requiring citations to the record and a summary of the case history are not mere technical requirements that can be easily excused.  "It is the duty of [the parties] to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.  [Citation.]"  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; see also *Arbaugh v. Procter & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500, 503, fn. 1 [failure to comply with California Rules of Court requiring summary of material facts supported by appropriate reference to the record may constitute waiver of error].)  We are not required to search the record on our own seeking trial court error.  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; *Del Real v. City of*

---

[1]All further references to rules are to the California Rules of Court.

*Riverside* (2002) 95 Cal.App.4th 761, 768.) This basic rule is a corollary to the equally fundamental principle that a judgment is presumed correct on appeal, "and a party attacking the judgment, or any part of it, must affirmatively demonstrate prejudicial error. [Citation.]" (*People v. Garza* (2005) 35 Cal.4th 866, 881.)

We are aware that Pauley brings this appeal without the benefit of legal representation, but her status as a pro. per. litigant does not exempt her from the rules of appellate procedure or relieve her burden on appeal. (See *Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246–1247.) We treat pro. per. litigants like any other party, affording them " 'the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.)

In addition to noncompliance with rules governing appellate briefs, Pauley's opening brief suffers from an even more fundamental defect because it fails to address in any respect the grounds upon which the trial court based its orders dismissing her complaint. Pauley's brief fails to explain why she should be excused from filing a timely government tort claim or why the trial court exceeded its discretion in dismissing her complaint after she neglected to file an amended complaint. Instead, the opening brief states, in conclusory fashion, that "[t]he trial court committed error in granting a dismissal of [Pauley's] case." Pauley does not explain why the court erred other than to claim the trial judge knew she was not represented by counsel and the Contra Costa County Superior Court is biased in favor of the department. Pauley's pro. per. status has no bearing on the trial court's rationale for dismissing the case. Further, Pauley made no claim in the trial court that the assigned judge or the Contra Costa County Superior Court as a whole should be disqualified from hearing her case. There is no basis in the record before this court that would suggest the trial court was unfairly biased against her.

In *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119, the court held that "failure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." In this case, Pauley's failure to

articulate any relevant legal argument in her opening brief justifies dismissal of the appeal.

As a final matter, we note that Pauley sought to file an untimely request for oral argument in response to a notice sent by the clerk of this court after the appeal was fully briefed. A party's right to oral argument exists in any appeal considered *on the merits* and decided by written opinion. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254.) Because we dismiss the appeal without reaching the merits, Pauley does not have a right to oral argument, which we deem unnecessary to our procedural dismissal of the appeal.

## DISPOSITION

The appeal is dismissed. Each party shall bear its own costs on appeal.


_____
McGuiness, P.J.


We concur:


_____
Pollak, J.


_____
Siggins, J.


5