Filed 9/14/20  Thompson v. JPMorgan Chase Bank CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BRADFORD THOMPSON,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>JPMORGAN CHASE BANK et al.,<br><br>　　　Defendant and Respondent. | A158005<br><br>(San Mateo County<br>Super. Ct. No. CIV536879) |

　　　Bradfield Thompson, acting in propria persona, appeals from an order declining to reconsider his unsuccessful motion to set aside a default dismissal due to mistake, surprise or excusable neglect. Dismissal of the appeal is compelled by Thompson's inadequate written arguments.

　　　Jo Anne Thompson, Thompson's mother, sued JPMorgan Chase Bank, N.A., (Chase) and others in January 2016.  Following her death in 2017, plaintiff's counsel informed Chase that a family member would substitute into the case as successor-in-interest.

　　　Following a number of continuances, on July 2, 2018 the court granted defendants' motion to dismiss the case with prejudice for delay in prosecution.  On July 12, 2018, Chase served Thompson with notice of entry of the order.  Over six months later, on January 15, 2019,

1

Thompson moved to set aside the dismissal under Code of Civil Procedure section 473.  On February 27, 2019 the court denied the motion because (1) Thompson, as a non-party to the action, had no standing to bring it; (2) the motion was untimely, so the court lacked jurisdiction to consider it; and (3) it  lacked substantive merit, because Thompson failed to identify any mistake, inadvertence or excusable neglect that resulted in the dismissal.

On June 24, 2019, Thompson moved for reconsideration of the February 27 order.  The court denied this motion as well.  "Non-party Bradfield Thompson's Motion for Reconsideration of the Court's March 7, 2019 Order is Denied.  Mr. Thompson has failed to present any 'new or different facts, circumstances, or law' to warrant reconsideration."

Based on the opening brief, we must dismiss Thompson's appeal.  The trial court's judgment is presumed to be correct on appeal, and it is the burden of the party challenging it to affirmatively demonstrate prejudicial error.  (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125)  " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.  It is entitled to the assistance of counsel [or the litigant if, as here, the litigant chooses to represent himself].  Accordingly every brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' [Citation.]"  (*Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1050.)  An appellant's failure to articulate intelligible legal arguments in the opening brief may be deemed an abandonment of the appeal justifying dismissal.  (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  Likewise, a failure to present arguments with adequate and comprehensible references to the record on appeal and citation to legal authority can result in forfeiture of any contention

that could have been raised on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(B) &(C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).)

Thompson has failed to carry his burden. His brief primarily consists of a disjointed and incomplete recitation of the action's procedural history. It asks this court to set aside the dismissal, but presents *no* legal argument directed to the trial court's denial of his motion for reconsideration or its rulings on standing, timeliness, or the merits of his motion to set aside the dismissal. We are sympathetic to the fact that Thompson is representing himself without the benefit of an attorney, but his status as a self-represented litigant does not exempt him from the rules of appellate procedure or relieve his obligation to present intelligible argument supported by the record and legal authority. (*Nwosu, supra,* 122 Cal.App.4th at pp. 1246–1247.) In this case, Thompson's failure to articulate relevant legal argument supported by adequate references to the record and pertinent law requires dismissal of the appeal.

As a final matter, we note that Thompson filed a request for oral argument in response to a notice sent by the clerk of this court after the appeal was fully briefed. A party's right to oral argument exists in any appeal considered *on the merits* and decided by written opinion. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254.) Because we are dismissing this appeal without reaching the merits, Thompson does not have a right to oral argument, and we consider it unnecessary to our procedural ruling.

## DISPOSITION

The appeal is dismissed.

_____
Siggins, P.J.

WE CONCUR:


_____
Fujisaki, J.


_____
Jackson, J.

*Thompson v. JPMorgan Chase et al.,* A158005