Filed 6/30/22 Byrne's Special Works v. Eng CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| BYRNE'S SPECIAL WORKS, LLC, Plaintiff and Respondent, v. MARTIN ENG, Defendant and Appellant. | A163012 (San Francisco City and County Super. Ct. No. CGC-18-566741) |

### MEMORANDUM OPINION[1]

Defendant Martin Eng, acting in propria persona, appeals from a default judgment in favor of plaintiff Byrne's Special Works, LLC (Byrne's) quieting title to a San Francisco property and cancelling various instruments clouding its title. Eng contends service of process by publication was defective and that the trial court erred by not allowing him to argue at the default prove-up hearing.

---

[1] We resolve this case by a memorandum opinion pursuant to Standard 8.1 of the California Standards of Judicial Administration, and the First Appellate District Local Rules, rule 19.

1

We dismiss the appeal. The trial court's judgment is presumed to be correct, and it is the burden of the party challenging it to demonstrate prejudicial error. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.) To do so, the appellant must provide an adequate record (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348) and reasoned legal argument supported by references to the record and pertinent authority. (*In re Sade C.* (1996) 13 Cal.4th 952, 994-995; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246; Cal. Rules of Court, rules 8.204(a)(1)(B)-(C), 8.204(a)(2)(C).)

Eng has done none of those things. He asserts service of process was defective because Byrne's published notice in a subsidiary of the Orange County Register rather than the Register itself, but he included no documents related to service in the record on appeal. Moreover, he provides no legal argument in support of his claim the alleged method of publication was invalid. By the same token, nothing in the limited record on appeal supports Eng's claim that the court precluded him from arguing at the prove-up hearing and, again, he has failed to present any reasoned legal argument to support his view that the court acted in error.

We are sympathetic to the fact that Eng is representing himself without the benefit of an attorney, but his status as a self-represented litigant does not exempt him from the rules of appellate procedure or relieve his obligation to present intelligible argument supported by the record. (*Nwosu v. Uba, supra,* 122 Cal.App.4th at pp. 1246-1247; *Bianco v. California Highway Patrol, supra,* 24 Cal.App.4th at pp. 1125-1126.) His failure to articulate a cogent theory of error supported by adequate legal argument and the record requires that we dismiss the appeal. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.)

As a final matter, we note that Eng requested oral argument in response to a notice sent by the court's clerk, as a matter of course, when an appeal is fully briefed. A party's right to oral argument exists in any appeal considered on the merits and decided by written opinion. (See *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1255-1256.) Because we dismiss this appeal without reaching the merits, Eng does not have a right to oral argument, and we consider it unnecessary to our procedural dismissal of this appeal.

## DISPOSITION

The appeal is dismissed. Byrne's is entitled to its costs on appeal. (Cal. Rules of Court, rule 8.278.)

_____
BURNS, J.

We concur:

_____
SIMONS, ACTING P.J.

_____
WISEMAN, J.*

A163012

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.