Filed 4/30/24  American Express National Bank v. Vaca CA1/2
Received for posting on 5/14/24

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>EDWARD VACA,<br><br>  Defendant and Appellant. | A168165<br><br>(Alameda County<br>Super. Ct. No. 22CV005110) |

**MEMORANDUM OPINION[1]**

This appeal arises out of a credit card debt collection action. Representing himself, defendant Edward Vaca (Vaca) challenges a judgment entered after the trial court granted plaintiff American Express National Bank's (American Express) motion for summary judgment.  We dismiss the appeal as untimely.

On January 10, 2022, American Express filed a complaint against Vaca for $56,315.23 in unpaid credit card debt.  Vaca filed an answer.

On August 12, American Express filed a motion for summary judgment or, in the alternative, summary adjudication.  The motion was accompanied

---

[1] We resolve this case by memorandum opinion; in doing so, we provide an abbreviated factual recitation.  (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

by a memorandum of points and authorities, a separate statement of undisputed material facts, a declaration of American Express's custodian of records, and exhibits attached to the declaration.

The motion was set for hearing on December 15. Prior to that date, Vaca failed to file an opposition to the motion and the trial court issued a tentative ruling granting the motion.

At the hearing on December 15, 2022, Vaca contested the tentative ruling and indicated he opposed the motion. The trial court continued the hearing to February 2, 2023 and ordered Vaca to file a declaration explaining why he failed to file a timely opposition.

Vaca did not file such a declaration. Instead, on January 17, 2023, he filed an opposition to American Express's summary judgment motion and a response to its separate statement. Vaca did not submit any evidence in support of his opposition.

After American Express filed a reply, the trial court issued a tentative ruling granting the motion for summary judgment.

On February 2, the motion came on for hearing, but neither party appeared or contested the tentative ruling. The trial court adopted the tentative ruling as its final order.

On February 6, a judgment awarding American Express $57,318.23 was filed. On February 8, the trial court clerk mailed the parties a file-stamped copy of the judgment.

On February 10, Vaca filed a motion for a new trial, which American Express opposed. On March 28, after a hearing, the trial court denied the motion for new trial.

Also on March 28, the trial court issued an "order to show cause [(OSC)] why the judgment issued in this case on February 6, 2023 should not

2

be set aside and vacated." It stated: "[U]pon further review of the record herein, the Court sua sponte identified a question with respect to the evidence submitted by [American Express] in connection with the motion for summary judgment." The trial court invited the parties to respond to the OSC.

On March 29, American Express mailed Vaca a notice of the order denying his motion for new trial, as well as a notice of the hearing on the OSC set for May 4.

On April 14, American Express filed a response to the OSC arguing that the judgment could not and should not be vacated. Vaca did not file any response to the OSC.

On May 4, after a hearing, the trial court issued its order discharging the OSC and stating that "the [j]udgment shall remain in full force and effect. . . ." On May 8, the trial court clerk mailed the parties a copy of the order.

On June 28, Vaca filed a notice of appeal identifying the May 4 order and checking the box for "judgment after court trial."

There are two jurisdictional requisites to the exercise of appellate jurisdiction: the existence of an appealable order or judgment (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126) and the timely filing of a notice of appeal. (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 670.) In his opening brief, Vaca purports to appeal from the judgment. We assume for the sake of argument that his notice of appeal encompasses the judgment, which is appealable. (*Kasparian v. AvalonBay Communities, Inc.* (2007) 156 Cal.App.4th 11, 14, fn. 1.) But as American Express argues, we lack jurisdiction because the notice of appeal is untimely.

"[A] 60-day deadline to appeal commences when 'the superior court

3

clerk serves on the party filing the notice of appeal . . . a filed-endorsed copy of the judgment, showing the date [it] was served,' assuming (as is true here) that nothing has triggered an even earlier deadline." (*Valero Refining Company – California v. Bay Area Air Quality Management District Hearing Board* (2020) 49 Cal.App.5th 618, 633, citing Cal. Rules of Court, rule 8.104(a)(1)(A) (further "rule" references are to the Cal. Rules of Court).) The 60-day time to appeal began to run on February 8, 2023, when the trial court clerk mailed the parties a file-endorsed copy of the judgment. Thus, Vaca had until April 10, 2023[2] to file his notice of appeal unless the deadline was extended based upon a recognized exception. (See rule 8.108(b)–(e).)

Under rule 8.108(b), where, as here, a "party serves and files a valid notice of intention to move for a new trial" within the normal time to appeal the judgment under rule 8.104, the time to appeal is extended to the earliest of three options: (1) "30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order," (2) "30 days after denial of the motion by operation of law," or (3) "180 days after entry of judgment." (Rule 8.108(b)(1)(A)–(C).) In this case, the first option sets the earliest deadline. (Rule 8.108(b)(1)(A).) The 30-day time to appeal began to run on March 29, 2023, when American Express mailed Vaca a notice of the order denying his motion for new trial. Thus, Vaca had until April 28, 2023 to file his notice of appeal. But he did not do so until June 28, 2023—two months *after* the extended deadline. Therefore, his appeal is untimely.

Contrary to Vaca's assertions in his reply brief, the trial court's issuance of an OSC "why the judgment . . . should not be set aside and vacated" did not further extend the time to appeal from the judgment. None

---

[2] 60 days after service of the judgment was April 9, 2023, which fell on a Sunday. The next business day was April 10, 2023.

of the authorities he cites supports his position.

Vaca relies on rule 8.108(b), which, as noted, extends the normal time to appeal from a judgment upon the filing of a valid notice of intention to move for new trial. Vaca, however, fails to articulate how this rule applies with regard to the OSC, and we are not persuaded that it does. For one, Vaca does not explain how the OSC, for which the trial court did not identify any statutory or decisional basis, qualified as a motion for new trial, let alone a valid one. (See Advisory Com. cmt., rule 8.108 ["As used in these provisions, the word 'valid' means only that the motion, election, request, or notice complies with all procedural requirements. . ."].) Even if it could be construed as such, the extensions in rule 8.108, including in subdivision (b), apply upon the filing of the particular motion or request for relief by a "party." (See rule 8.108(b)–(e); see also Advisory Com. cmt., rule 8.108 ["Subdivisions (b)–(f) operate only when a party serves and files a 'valid' motion, election, request, or notice of intent to move for the relief in question"].) And here, the issuance of the OSC was an action taken by the trial court sua sponte. Thus, we disagree that rule 8.108(b) was triggered by the issuance of the OSC.

Even if it were, Vaca's notice of appeal would still be untimely. As mentioned, filing a valid motion for new trial extends the time to appeal from the judgment to the earliest of three options. (Rule 8.108(b)(1).) The first option—30 days after the superior court clerk serves an order denying the motion—sets the earliest deadline in this case. (Rule 8.108(b)(1)(A).) To the extent the OSC may be construed as a valid motion for new trial, such "motion" was "denied" when the trial court declined to vacate the judgment and discharged the OSC. The trial court clerk mailed the parties a copy of the order discharging the OSC on May 8, 2023, triggering the 30-day time to appeal. Vaca thus had until June 7, 2023 to file his notice of appeal. But, as

5

noted, he did not do so until June 28, 2023, rendering his appeal untimely.

Likewise unavailing is Vaca's reliance upon *In re Marriage of Varner* (1997) 55 Cal.App.4th 128. That case addressed in part the time limits for filing a motion to set aside a marital dissolution judgment under certain Family Code sections. It had nothing to do with the timeliness of an appeal, much less "support[ ] the notion that post-judgment motions or hearings, such as an OSC, can extend the timeline for appeal" as Vaca contends.

In sum, Vaca's purported appeal from the judgment is untimely and must be dismissed. (Rule 8.104(b); *Estate of Hanley* (1943) 23 Cal.2d 120, 123.)[3]

## DISPOSITION

Vaca's untimely appeal is dismissed. American Express is awarded costs on appeal. (Rule 8.278(a)(2).)

---

[3] We note that Vaca requested oral argument in response to a notice sent by this court's clerk, as a matter of course, when the appeal was fully briefed. A party's right to oral argument exists in any appeal " 'considered on the merits and decided by a written opinion.' " (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871; accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254–1255.) Because we dismiss this appeal without reaching the merits, Vaca is not entitled to oral argument, which we find in this instance to be unnecessary to our procedural dismissal of this appeal.

_____
Richman, Acting P. J.

We concur:


_____
Miller, J.


_____
Mayfield, J. *


*American Express National Bank v. Vaca* (A168165)


      * Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.