Filed 7/3/24  P. v. Goff CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>ROBERT GLENN GOFF, JR.,<br><br>          Defendant and Appellant | A165541<br><br>(Sonoma County<br>Super. Ct. No. 733015-1) |

This matter involves an appeal challenging the denial of a motion to suppress filed by defendant Robert Glenn Goff, Jr., pursuant to Penal Code section 1538.5 and the effectiveness of assistance he received from counsel in connection with that motion.  Following the denial of his motion to suppress by a magistrate, Goff proceeded to a preliminary hearing where he was held to answer on various charges.  Thereafter, Goff pled no contest to possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)) and possession of metal knuckles (Pen. Code,[1] § 21810).

On appeal, Goff argues his conviction should be reversed because his Fourth Amendment rights were violated; alternately he claims his trial counsel was ineffective for failing to renew his motion to suppress in the superior court.  For the reasons discussed below—the failure to renew the

---

[1] All further undesignated statutory references are to the Penal Code.

1

motion to suppress, combined with the failure to obtain a certificate of probable cause—we dismiss the appeal.[2]

## BACKGROUND

On November 12, 2019, the Sonoma County District Attorney filed a five-count complaint charging Goff with: felony possession of an unregistered firearm (§ 25850, subd. (c)(6); count 1); felony possession of metal knuckles (§ 21810; count 2); misdemeanor possession of burglar's tools (§ 466; count 3); misdemeanor possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 4); and misdemeanor possession of a controlled substance, heroin (Health & Saf. Code, § 11350, subd. (a); count 5).

The charges stemmed from the evidence seized during a traffic stop, in which Goff was ordered out of his vehicle and subjected to warrantless searches of his person and his vehicle.

On August 3, 2020, and August 28, 2020, Goff filed motions to suppress evidence pursuant to section 1538.5. On September 2, 2020, the magistrate heard the suppression motions and denied them.

On July 15, 2021, the court held a preliminary hearing. At the conclusion of that hearing, the court dismissed count 3 (misdemeanor possession of burglar's tools) and count 5 (misdemeanor possession of heroin), and held Goff to answer the remaining counts.

---

[2] Because we dismiss the appeal without deciding its merits, Goff does not have a right to oral argument. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254; *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871.) By separate order issued on today's date, we issue an order to show cause returnable to the superior court in Goff's related petition for writ of habeas corpus (case No. A169352).

2

On July 8, 2021, the Sonoma County District Attorney filed a four-count information charging Goff with: felony possession of a controlled substance with a firearm (§ 11370.1, subd. (a); count 1); felony possession of firearm not the registered owner (§ 25850, subd. (c)(6); count 2); felony possession of metal knuckles (§ 21810; count 3); and misdemeanor possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 4).

Defense counsel did not renew the motion to suppress (§ 1538.5) or otherwise seek to dismiss the information (§ 995).

On March 2, 2022, pursuant to a negotiated disposition, Goff pled no contest to count 1 (felony possession of a controlled substance with a firearm) and count 3 (possession of metal knuckles), which was redesignated a misdemeanor per section 17, subdivision (b)(4). The balance of the information was then dismissed.

On April 26, 2022, the trial court suspended imposition of sentence and placed Goff on formal probation for a period of two years.

Goff filed a timely notice of appeal on June 22, 2022, designating the denial of the motion to suppress as the basis for the appeal. Goff did not obtain a certificate of probable cause. The appeal was fully briefed on August 24, 2023.

On December 22, 2023, Goff filed a petition for writ of habeas corpus (case No. A169352) alleging he received ineffective assistance of counsel.

During the pendency of the appeal and related writ of habeas corpus, Goff's two-year period of probation expired on April 26, 2024.

## DISCUSSION

Goff contends his conviction should be reversed because the warrantless searches of his person and vehicle violated his Fourth

3

Amendment rights. To the extent his trial counsel failed to preserve the issues for appellate review, Goff contends he received ineffective assistance of counsel. Before procedurally addressing his claim—as discussed below, we do not reach the merits—we consider the threshold issue of mootness.

## I. The Appeal is Not Moot

"As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinion ' " ' "upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " ' [Citation.] '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' " (*People v. Rish* (2008) 163 Cal.App.4th 1370, 1380.) We requested supplemental briefing on whether this appeal and the related habeas corpus petition should be dismissed as moot in light of the fact that, while the appeal and habeas review were pending, Goff's two-year probationary term had expired.

Here, the parties agree Goff's appeal was not rendered moot by the expiration of his probation because he seeks reversal of his criminal conviction to clear his name. (See *People v. DeLong* (2002) 101 Cal.App.4th 482, 487–489 [where reversal of conviction is demanded and the defendant has already served the term imposed, the defendant is entitled to appeal in order to clear name and rid stigma of criminality].)

We agree the appeal is not moot. However, as we explain, we conclude the appeal must be dismissed.

## II. The Appeal Must be Dismissed

"A defendant can obtain appellate review of a search and seizure issue only if 'at some stage of the proceedings prior to conviction he or she has

4

moved for the return of property or the suppression of the evidence.' " (*People v. Richardson* (2007) 156 Cal.App.4th 574, 582–583 (*Richardson*); § 1538.5, subd. (m).)  But where a defendant moves to suppress evidence at (or as here before) the preliminary hearing, an appeal cannot be taken unless the search and seizure issue is raised before the superior court either by a renewed motion to suppress or a motion to set aside the information under section 995.  (*Richardson*, at p. 583; *People v. Lilienthal* (1978) 22 Cal.3d 891, 896.)

While the consequences of failing to renew a motion to suppress can in some circumstances be circumvented through a claim of ineffective assistance of counsel, a certificate of probable cause is a prerequisite to raising a claim of ineffective assistance.  (*Richardson*, *supra*, 156 Cal.App.4th at p. 596 ["we are without power to address defendant's ineffective assistance of counsel claim in the absence of a certificate of probable cause"].)

Accordingly, we cannot reach Goff's Fourth Amendment claim on direct appeal by way of his claim for ineffective assistance of counsel because he failed to obtain a certificate of probable cause.  (See *Richardson*, *supra*, 156 Cal.App.4th at p. 596.)

**DISPOSITION**

The appeal is dismissed.

_____
DESAUTELS, J.

We concur:

_____
STEWART, P. J.


_____
MILLER, J.


*People v. Goff, Jr.* (A165541)

6