Filed 9/16/24  Russell v. Eytan CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JOSHUA MICHAEL RUSSELL,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LAURA MEI EYTAN,<br><br>        Defendant and Appellant. | A166635<br><br>(Solano County<br>Super. Ct. No. FCS057493) |

**MEMORANDUM OPINION[1]**

Laura Eytan appeals from a civil harassment restraining order issued against her under section 527.6 of the Code of Civil Procedure.  Because the challenged order has expired, we dismiss the appeal as moot.

*Background*

Joshua Russell and Laura Eytan are neighbors who disagree as to the location of the boundary between their properties.  In December 2021, Russell filed a request for a civil harassment restraining order, alleging that Eytan caused him and his wife stress and loss of sleep by trespassing onto their property; directing profanity toward them; stalking them while filming them with her cell phone camera; emptying cans of spray paint onto their

_____

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

property; and constructing barricades of refuse. The trial court issued a temporary restraining order and set a date for a hearing, which eventually took place on July 15, 2022.

On that date, after hearing from the parties and reviewing the documents they presented, the court issued a civil harassment restraining order against Eytan. The expiration date shown on the order is July 15, 2024.

Eytan filed her opening appellate brief on June 26, 2024, less than three weeks before the order was scheduled to expire. She informed us in a footnote that Russell had served a request to renew the restraining order, which was set for hearing in July 2024.

On our own motion, we take judicial notice of the civil minutes of the hearing on Russell's request, which was held on July 17, 2024. (Evid. Code, §§ 452, subd (d); 459.) The minutes state that the request was denied.

In August 2024, Russell informed this court that he had decided not to file a respondent's brief because the order had expired.

*Discussion*

As a general matter, courts decide only " 'actual controversies' " that will result in a judgment that grants relief to the parties. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) An appeal becomes moot, and will generally be dismissed, when, through no fault of the respondent, an event occurs that renders it impossible for the reviewing court to provide the appellant effective relief. (*Ibid.*) "If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot." (*Environmental Charter High School v. Centinela Valley Union High School District* (2004) 122 Cal.App.4th 139, 144.) The civil harassment restraining

order at issue here expired without being renewed, and the appeal is therefore moot and subject to dismissal. (Cf. *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [appeal from expired civil harassment restraining order was not moot because order had been renewed].)

In the footnote informing us of Russell's request to renew the restraining order, Eytan acknowledged that the order from which she appealed was about to expire and asked that we nevertheless reverse it "to address" Russell's then-pending request to renew it and "to preserve her reputation as reflected in public records." We interpret this as a request to exercise our discretion to reach the merits of the appeal even though it is moot. (See *Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479-480 [identifying discretionary exceptions to the mootness doctrine].) We decline to do so.

Review on the merits cannot "address" Russell's request to renew the order, because his request to renew has been denied. We need not consider Eytan's request that we reach the merits "to preserve her reputation." Eytan raises the issue only in a footnote, which is "not the appropriate vehicle for stating contentions on appeal." (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.) Further, she does not articulate any facts indicating that the expired order has had or will have any effect on her reputation, and she presents no legal argument or authority to support her request. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 ["[w]hen legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration"].) Because we decline to reach the merits, we shall dismiss the appeal as moot.[2]

---

[2] Appellant requested oral argument in response to a notice sent by the court's clerk as a matter of course when the appeal was fully briefed. A party

## DISPOSITION

The appeal is dismissed as moot.  Respondent shall recover any costs on appeal.

---

has the right to oral argument in any appeal " '*considered on the merits* and decided by a written opinion.' " (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871, italics added;  accord, *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1254-1255.)  Because we dismiss the appeal without reaching the merits, appellant has no right to oral argument, which we find in this instance to be unnecessary to our dismissal of the appeal as moot.

_____

Miller, J.

WE CONCUR:


_____

Richman, Acting P.J.


_____

Desautels, J.


A166635, *Russell v. Eytan*


5