Filed 8/11/21 IAHLDHFAPIMP_PAP v. Noll CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| IAHLDHFAPIMP_PAP, LLC, Plaintiff and Appellant, v. ELIZABETH NOLL, Defendant and Respondent. | D077727 (Super. Ct. No. 37-2017-00023167-CU-OR-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Richard E. L. Strauss, Judge. Reversed with directions.

Knottnerus & Associates, Wilfred Knottnerus, Mark B. Simpkins; Friedhofer and James Friedhofer for Plaintiff and Appellant.

English & Gloven, Donald A. English and Christy I. Yee, for Defendant and Respondent.


INTRODUCTION

This appeal challenges an order awarding attorney fees and costs to Defendant Elizabeth Noll (Noll) as the prevailing party in litigation involving a property dispute with her neighbor, Plaintiff IAHLDHFAPIMP_PAP, LLC

(IAHL). While this appeal was pending, in a separate appeal, *IAHLDHFAPIMP_PAP, LLC v. Noll* (May 17, 2021, D077279) [nonpub. opn.] (*IAHL I*), we reversed the judgment on which the challenged attorney fee and cost order was based.

IAHL has filed a motion seeking summary reversal of the attorney fee and cost order in light of our decision in *IAHL I*. Noll does not oppose IAHL's motion for summary reversal but contends IAHL's request for costs on appeal should be denied because *IAHL I* rendered this appeal moot.

For the reasons explained below, we summarily reverse the order awarding attorney fees and costs.[1] We award costs on appeal to IAHL.

## SUMMARY REVERSAL

The court may summarily reverse a trial court order where (1) "the proper resolution of the appeal is so obvious and without dispute that briefing would not serve any useful purpose" (*Weinstat v. Dentsply Internat., Inc.* (2010) 180 Cal.App.4th 1213, 1224), and (2) the parties have waived oral argument (see *Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 870).

Reversal of the judgment in *IAHL I* eliminates the basis for the attorney fee and cost award. To recover attorney fees and costs, a claimant must show he or she was the prevailing party. (Code Civ. Proc., § 1032, subd. (b) ["a prevailing party is entitled as a matter of right to recover costs in any action or proceeding"]; Civ. Code, § 1717 ["In any action on a contract, . . . the

---

[1] With its motion for summary reversal, IAHL included an appendix that outlines the arguments raised in its opening brief. Because we reverse on the ground that reversal of the judgment in *IAHL I* eliminates the basis for the attorney fee and cost award, we do not reach the other asserted grounds set forth in the appendix and appellant's opening brief.

party who is determined to be the party prevailing on the contract, . . . shall be entitled to reasonable attorney's fees in addition to other costs"].) Because we reversed the judgment in *IAHL I,* Noll is no longer the prevailing party, and thus not entitled to attorney fees and costs. (*Southern Pacific Transportation Company v. Mendez Trucking, Inc.* (1998) 66 Cal.App.4th 691, 696; *California Grocer's Assn. v. Bank of America* (1994) 22 Cal.App.4th 205, 220.)

Both parties have waived oral argument.

## COSTS ON APPEAL

IAHL requested an award of costs on appeal, contending it is the prevailing party on the substance of the appeal. Without citation to authority, Noll opposes IAHL's request on the basis that summary reversal obviates this court's substantive review of the appeal. We conclude IAHL is entitled to costs on appeal.

California Rules of Court, rule 8.278 provides that "[t]he prevailing party [in the Court of Appeal] is the appellant if the court reverses the judgment in its entirety." The rule does not foreclose an award of costs where the Court of Appeal summarily reverses a trial court order. Because we reverse the trial court's order granting Noll attorney fees and costs in its entirety, IAHL is entitled to costs on appeal.

## DISPOSITION

The trial court's June 26, 2020 order granting Noll's motion for attorney fees and costs is reversed, and the trial court is directed to enter a new order denying the motion.

IAHL is entitled to its costs on appeal.

DO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


GUERRERO, J.

4